# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date    February 25, 2008

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

Case Number    05 B 16679

Case Name    South Beach Securities, Inc

Notice of Appeal Filed    January 14, 2008

Appellant

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | |
|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet |
| ✓ | Designation |
| ✓ | Statement of Issues |
| | Transcript of Proceeding |

| | |
|---|---|
| | Supplemental to the Record |
| ✓ | Notice of Appeal |
| | Copy of Documents Designated |
| | Exhibits |
| | Expedited Notice of Appeal |
| ✓ | Certified Copy of Docket Sheet |

**F I L E D**

FEB 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Additional Items Included

| |
|---|
| |

**08CV1137
JUDGE LEFKOW
MAG.JUDGE SCHENKIER**

Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

| | |
|---|---|
| ✓ | **See footnotes** |

Previous D C Judge    Lefkow

Case Number    07 C 6532

By Deputy Clerk

**REOPENED, APPEAL**

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
### Bankruptcy Petition #: 05-16679

*Assigned to:* A. Benjamin Goldgar
Chapter 11
Voluntary
Asset

*Date Filed:* 04/27/2005
*Date Reopened:* 04/21/2006
*Date Dismissed:* 01/02/2008

| | |
|---|---|
| **Debtor**<br>**South Beach Securities, Inc.**<br>330 South Wells<br>Suite No. 718<br>Chicago, IL 60606<br>Tax id: 64-0691797 | represented by **South Beach Securities, Inc.**<br>PRO SE<br><br>**Crane Heyman Simon Welch & Clar**<br>Dannen Crane Heyman & Simon<br>135 S Lasalle St Ste 1540<br>Chicago, IL 60603<br>312-641-6777<br>*TERMINATED: 01/09/2008*<br><br>**Louis D Bernstein**<br>(See above for address)<br>*TERMINATED: 08/24/2005*<br><br>**Mark E Leipold**<br>(See above for address)<br>*TERMINATED: 08/24/2005*<br><br>**Scott R Clar**<br>(See above for address)<br>*TERMINATED: 01/09/2008* |
| ***U.S. Trustee***<br>**William T Neary**<br>Office of the U.S. Trustee, Region 11<br>227 W. Monroe Street<br>Suite 3350<br>Chicago, IL 60606<br>312-886-5785 | represented by **Cameron M Gulden**<br>Office of The U.S. Trustee<br>227 West Monroe<br>Suite 3350<br>Chicago, IL 60606<br>312 886-2614<br>Email:<br>USTPRegion11.es.ecf@usdoj.gov |
| ***U.S. Trustee***<br>**William T. Neary** | represented by **Cameron M Gulden**<br>(See above for address) |

| Filing Date | # | Docket Text |
|---|---|---|
| | | |

| 04/27/2005 | 1 | Chapter 11 Voluntary Petition Fee Amount $839, Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. (Sirmons, Dornesa) (Entered: 04/27/2005) |
| --- | --- | --- |
| 04/27/2005 | 2 | Receipt of Chapter 11 Filing Fee - $839.00 by DO. Receipt Number 03129127. Payment received from Gould & Ratner. (Entered: 04/28/2005) |
| 04/29/2005 | 3 | Meeting of Creditors . 341(a) meeting to be held on 6/2/2005 at 01:30 PM at 227 W Monroe Street, Room 3330, Chicago, Illinois 60606. (McClendon, Annette) (Entered: 04/29/2005) |
| 04/29/2005 | 4 | BNC Certificate of Mailing - Meeting of Creditors. (RE: 3 Meeting of Creditors Chapter 11). No. of Notices: 3. Service Date 05/01/2005. (Admin.) (Entered: 05/01/2005) |
| 06/01/2005 | 5 | Summary of Schedules Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. . (Gomez, Denise) (Entered: 06/02/2005) |
| 06/01/2005 | 6 | Schedules A,B and D-H Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. . (Gomez, Denise) (Entered: 06/02/2005) |
| 06/01/2005 | 7 | Statement of Financial Affairs Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. . (Gomez, Denise) (Entered: 06/02/2005) |
| 06/01/2005 | 8 | Notice of Filing Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. (RE: 6 Schedules, 7 Statement of Financial Affairs, 5 Summary of Schedules). (Gomez, Denise) (Entered: 06/02/2005) |
| 06/01/2005 | 9 | Notice of Motion and Application to Employ G&R as Attorney Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. . Hearing scheduled for 6/8/2005 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Gomez, Denise) (Entered: 06/02/2005) |
| 06/08/2005 | 10 | Hearing Continued (RE: 9 Application to Employ, ). Hearing scheduled for 6/15/2005 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Bardliving-Collister, Janice) (Entered: 06/08/2005) |
| 06/09/2005 | 11 | Amended Notice of Motion and Amended Motion (related document (s): 9 Application to Employ, ) Filed by Louis D Bernstein on behalf of South Beach Securities, Inc. . Hearing scheduled for 6/15/2005 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Gomez, Denise) (Entered: 06/10/2005) |

| 06/13/2005 | ●12 | Request for Service of Notices. Wachovia Securities, LLC c/o Levenfeld Pearlstein, 2 N. LaSalle St., Ste. 1300, Chicago, IL 60602. Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC. (Griesmeyer, Christopher) (Entered: 06/13/2005) |
|---|---|---|
| 06/13/2005 | ●13 | Appearance Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC. (Griesmeyer, Christopher) (Entered: 06/13/2005) |
| 06/13/2005 | ●14 | Appearance Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC. (Griesmeyer, Christopher) (Entered: 06/13/2005) |
| 06/13/2005 | ●15 | Appearance Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC. (Griesmeyer, Christopher) (Entered: 06/13/2005) |
| 06/13/2005 | ●16 | Notice of Motion and Motion to Extend Time File an Objection to Employment of Counsel Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC. Hearing scheduled for 6/15/2005 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Griesmeyer, Christopher) (Entered: 06/13/2005) |
| 06/14/2005 | ●17 | Objection to (related document(s): 16 Motion to Extend Time, ) Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (Gomez, Denise) (Entered: 06/15/2005) |
| 06/17/2005 | ●18 | Hearing Continued (RE: 11 Amended Motion,). Hearing Scheduled for 07/18/2005 at 10:00 AM at Courtroom 613 219 South Dearborn, Chicago, IL, 60604. (Castaneda,Peter) (Entered: 06/17/2005) |
| 06/15/2005 | ●19 | Order Granting Motion to Extend Time until 7/22/2005. (Related Doc # 16). Signed on 6/15/2005. (Gomez, Denise) (Entered: 06/21/2005) |
| 06/22/2005 | ●20 | Brief in Opposition to (related document(s): 11 Amended Motion, ) Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit) (Griesmeyer, Christopher) (Entered: 06/22/2005) |
| 07/11/2005 | ●21 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE** Answer in Support to (related document(s): 11 Amended Motion, ) Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (Leipold, Mark) Modified on 7/15/2005 (Sims, Mildred). (Entered: 07/11/2005) |
|  |  |  |

| 07/12/2005 | 22 | Certificate of Service Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (RE: 21 Answer). (Leipold, Mark) (Entered: 07/12/2005) |
|---|---|---|
| 07/14/2005 | 23 | Response to (related document(s): 11 Amended Motion, ) Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (Leipold, Mark) (Entered: 07/14/2005) |
| 07/15/2005 | 24 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: 21 Answer). (Sims, Mildred) (Entered: 07/15/2005) |
| 07/25/2005 | 25 | Objection to (related document(s): 11 Amended Motion, ) Filed by Cameron M Gulden on behalf of Ira Bodenstein (Attachments: # 1 Exhibit A) (Gulden, Cameron) (Entered: 07/25/2005) |
| 07/26/2005 | 26 | Certificate of Service Filed by U.S. Trustee Ira Bodenstein. (Gulden, Cameron) (Entered: 07/26/2005) |
| 07/27/2005 | 27 | Hearing Continued (RE: 11 Amended Motion,). Hearing Scheduled for 08/22/2005 at 10:00 AM at Courtroom 613 219 South Dearborn, Chicago, IL, 60604. (Bardliving,Janice) (Entered: 07/27/2005) |
| 07/27/2005 | 28 | Hearing Set on court's motion to dismiss case . Hearing scheduled for 8/22/2005 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Bardliving-Collister, Janice) (Entered: 07/27/2005) |
| 07/27/2005 | 29 | Order Scheduling (RE: 1 Voluntary Petition (Chapter 11)). Memorandum due by 8/10/2005.Reply due by: 8/17/2005 Responses due by 8/3/2005. Status hearing to be held on 8/22/2005 at 10:00 AM . Signed on 7/27/2005 (Gomez, Denise) (Entered: 07/28/2005) |
| 08/03/2005 | 30 | Memorandum Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (RE: 29 Order Scheduling). (Attachments: # 1 Exhibit Exhibit A - South Beach Securities, Inc. Plan of Reorganization# 2 Exhibit Exhibit B -- In re Marsico, 2004 WL 97647 (Bankr. D. N.H. Jan. 5, 2004)) (Leipold, Mark) (Entered: 08/03/2005) |
| 08/04/2005 | 31 | Certificate of Service Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (RE: 30 Memorandum, ). (Leipold, Mark) (Entered: 08/04/2005) |
| 08/10/2005 | 32 | Memorandum Filed by U.S. Trustee Ira Bodenstein (RE: 29 Order Scheduling). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Gulden, Cameron) (Entered: 08/10/2005) |

| 08/10/2005 | 33 | Certificate of Service Filed by U.S. Trustee Ira Bodenstein (RE: 32 Memorandum). (Gulden, Cameron) (Entered: 08/10/2005) |
|---|---|---|
| 08/17/2005 | 34 | Reply to (related document(s): 29 Order Scheduling) Filed by Mark E Leipold on behalf of South Beach Securities, Inc. (Leipold, Mark) (Entered: 08/17/2005) |
| 08/22/2005 | 35 | Hearing Continued (RE: [28] Hearing Motion Set). Hearing continued on 8/24/2005 at 10:00 AM . (Bardliving-Collister, Janice) (Entered: 08/22/2005) |
| 08/22/2005 | 36 | Hearing Continued (RE: 11 Amended Motion, ). Hearing scheduled for 8/24/2005 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Bardliving-Collister, Janice) (Entered: 08/22/2005) |
| 08/22/2005 | 37 | Hearing Continued re:29 . Hearing continued on 8/24/2005 at 10:00 AM . (Bardliving-Collister, Janice) (Entered: 08/22/2005) |
| 08/24/2005 | 38 | Order Dismissing Case and Denying application for retention. Signed on 8/24/2005 (Re:9),(Re:32) (Gomez, Denise) (Entered: 08/24/2005) |
| 08/24/2005 | 39 | BNC Certificate of Mailing - Notice of Dismissal (RE: 38 Order Dismissing Case). No. of Notices: 6. Service Date 08/26/2005. (Admin.) (Entered: 08/26/2005) |
| 08/31/2005 | 40 | Bankruptcy Case Closed . (Sims, Mildred) (Entered: 08/31/2005) |
| 09/06/2005 | 41 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE**Amended Notice of Appeal Filed by Mark E Leipold on behalf of South Beach Securities, Inc.. (RE: 38 Order Dismissing Case). (Leipold, Mark) Modified on 9/7/2005 (Sims, Mildred). (Entered: 09/06/2005) |
| 09/07/2005 | 42 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: 41 Amended Notice of Appeal). (Sims, Mildred) (Entered: 09/07/2005) |
| 09/06/2005 | 43 | Notice of Appeal Filed by Mark E Leipold on behalf of South Beach Securities, Inc.. Fee Amount $255 (RE: 38 Order Dismissing Case). Appellant Designation due by 9/19/2005. Transmission of Record Due by 10/17/2005. (Leipold, Mark) Modified on 9/7/2005 to correct file date (Sims, Mildred). (Entered: 09/07/2005) |
| 09/07/2005 | 44 | Receipt of Notice of Appeal(05-16679) [appeal,ntcap1] ( 255.00) Filing Fee. Receipt number 4264007. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 09/07/2005) |

| 09/07/2005 | ⊕45 | CORRECTIVE ENTRY to correct file date (RE: <u>43</u> Notice of Appeal, ). (Sims, Mildred) (Entered: 09/07/2005) |
|---|---|---|
| 09/08/2005 | ⊕<u>46</u> | Notice of Filing to Bk Judge and Parties on Service List (RE: <u>43</u> Notice of Appeal, ). (Weston, Carel Dell) (Entered: 09/08/2005) |
| 09/19/2005 | ⊕<u>47</u> | **INCORRECT EVENT ENTERED,FILER NOTIFIED TO REFILE** Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Mark E Leipold on behalf of South Beach Securities, Inc.. (RE: <u>43</u> Notice of Appeal, ). (Leipold, Mark) Modified on 9/20/2005 (Barrow, Latonia). (Entered: 09/19/2005) |
| 09/20/2005 | ⊕48 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED,FILER NOTIFIED TO REFILE (RE: <u>47</u> Appellant Designation and Statement of Issue, ). (Barrow, Latonia) (Entered: 09/20/2005) |
| 09/20/2005 | ⊕<u>49</u> | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Mark E Leipold on behalf of South Beach Securities, Inc.. (RE: <u>43</u> Notice of Appeal, ). (Leipold, Mark) (Entered: 09/20/2005) |
| 09/27/2005 | ⊕<u>50</u> | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Christopher S Griesmeyer on behalf of Wachovia Securities LLC . (RE: <u>43</u> Notice of Appeal, ). (Weston, Carel Dell) (Entered: 09/28/2005) |
| 10/17/2005 | ⊕<u>51</u> | Transmittal of Record to The U.S. District Court. Civil Case Number: 05 C 5957 Assigned to District Court Judge: Kennelly (RE: <u>43</u> Notice of Appeal, ). (Weston, Carel Dell) (Entered: 10/17/2005) |
| 04/21/2006 | ⊕<u>52</u> | Certified Order By District Court Judge Matthew F. Kennelly, Re: Appeal on Civil Action Number: 05 C 5957, Dated 04/06/06. For the reasons set forth in the Memorandum Opinion and Order, the Court reverses the bankruptcy court's dismissal of the petition and remands for further proceedings. (RE: <u>43</u> Notice of Appeal, ). Signed on 4/21/2006 (Weston, Carel Dell) (Entered: 04/25/2006) |
| 05/25/2006 | ⊕<u>53</u> | Order Scheduling . Status hearing to be held on 6/14/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. Signed on 5/25/2006 (Molina, Nilsa) (Entered: 05/26/2006) |
| 05/25/2006 | ⊕<u>54</u> | Certificate of Service (RE: <u>53</u> Order Scheduling). (Molina, Nilsa) (Entered: 05/26/2006) |
| 06/14/2006 | ⊕<u>55</u> | Hearing Continued . <u>53</u> Status Hearing to be held on 6/21/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois |

| | | 60604. (Castellano, Nancy) (Entered: 06/14/2006) |
|---|---|---|
| 06/21/2006 | ●56 | Hearing Continued . (Re: 53 Order Scheduling Case Status Hearing ) Status hearing to be held on 7/10/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Castellano, Nancy) (Entered: 06/21/2006) |
| 07/11/2006 | ●57 | Hearing Continued . (Re: 53 Court's Own Motion for Status Hearing of Chapter 11 Case, ) Status hearing to be held on 7/17/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Castellano, Nancy) (Entered: 07/11/2006) |
| 07/17/2006 | ●58 | Hearing Continued . (Re: 53 Court's Own Motion for Status Hearing of Chapter 11 Case, ) Status hearing to be held on 7/31/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Castellano, Nancy) (Entered: 07/17/2006) |
| 07/31/2006 | ●59 | Hearing Continued . (Re: 53 Court's Own Motion for Status Hearing of Chapter 11 Case,) Status hearing to be held on 8/2/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Green, Josephine) (Entered: 07/31/2006) |
| 08/02/2006 | ●60 | Hearing Continued . Re: 53 Court's Own Motion for Status Hearing on Chapter 11 Case ) Status hearing to be held on 8/21/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Castellano, Nancy) (Entered: 08/02/2006) |
| 08/08/2006 | ●61 | Notice of Motion and Application to Employ Scott R. Clar and the Firm of Crane, Heyman, Simon, Welch & Clar as Attorneys Filed by Scott R Clar on behalf of South Beach Securities, Inc.. Hearing scheduled for 8/21/2006 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Affidavit Affidavit to Employ Scott Clar# 2 Proposed Order Employing Crane, Heyman, Simon, Welch & Clar) (Clar, Scott) (Entered: 08/08/2006) |
| 08/18/2006 | ●62 | **INCORRECT PDF, FILER NOTIFIED TO REFILE** Summary of Cash Receipt and Disbursement for Filing Period Ending April 30, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) Modified on 8/24/2006 (Sims, Mildred). (Entered: 08/18/2006) |
| 08/18/2006 | ●63 | Summary of Cash Receipt and Disbursement for Filing Period Ending May 31, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●64 | Summary of Cash Receipt and Disbursement for Filing Period Ending June 30, 2005 Filed by Scott R Clar on behalf of South Beach |

| | | Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
|---|---|---|
| 08/18/2006 | ●65 | Summary of Cash Receipt and Disbursement for Filing Period Ending July 31, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●66 | Summary of Cash Receipt and Disbursement for Filing Period Ending August 31, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●67 | Summary of Cash Receipt and Disbursement for Filing Period Ending September 30, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●68 | Summary of Cash Receipt and Disbursement for Filing Period Ending October 31, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●69 | Summary of Cash Receipt and Disbursement for Filing Period Ending November 30, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●70 | Summary of Cash Receipt and Disbursement for Filing Period Ending December 31, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●71 | Summary of Cash Receipt and Disbursement for Filing Period Ending January 31, 2006 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●72 | Summary of Cash Receipt and Disbursement for Filing Period Ending February 28, 2006 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●73 | Summary of Cash Receipt and Disbursement for Filing Period Ending March 31, 2006 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●74 | Summary of Cash Receipt and Disbursement for Filing Period Ending April 30, 2006 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/18/2006 | ●75 | Summary of Cash Receipt and Disbursement for Filing Period Ending May 31, 2006 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/18/2006) |
| 08/21/2006 | ●76 | Hearing Continued . (RE: 53 Court's Own Motion for Status Hearing |

| | | |
|---|---|---|
| | | on Chapter 11 Case) Status hearing to be held on 9/25/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Beckerman, Steve) (Entered: 08/21/2006) |
| 08/21/2006 | ●77 | Summary of Cash Receipt and Disbursement for Filing Period Ending April 30, 2005 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 08/21/2006) |
| 08/21/2006 | ●78 | Order Granting Application to Employ Scott R Clar and the law firm of Crane Heyman Simon Welch & Clar for South Beach Securities, Inc., as of August 2, 2006. (Related Doc # 61). Signed on 8/21/2006. (Gomez, Denise) (Entered: 08/22/2006) |
| 08/24/2006 | ●79 | CORRECTIVE ENTRY INCORRECT PDF, FILER NOTIFIED TO REFILE (RE: 62 Summary of Cash Receipt and Disbursement). (Sims, Mildred) (Entered: 08/24/2006) |
| 08/24/2006 | ●80 | Amended Affidavit Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 61 Application to Employ, ). (Clar, Scott) (Entered: 08/24/2006) |
| 08/24/2006 | ●81 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 80 Affidavit). (Clar, Scott) (Entered: 08/24/2006) |
| 09/18/2006 | ●82 | Notice of Motion and Routine Motion Rule 2004 Examination of Leon Greenblatt Filed by William T Neary Hearing scheduled for 9/25/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Gulden, Cameron) (Entered: 09/18/2006) |
| 09/21/2006 | ●83 | Chapter 11 Plan of Reorganization. Unsecured Creditors to be paid unknown percent. Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 09/21/2006) |
| 09/21/2006 | ●84 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 83 Chapter 11 Plan). (Clar, Scott) (Entered: 09/21/2006) |
| 09/25/2006 | ●85 | Hearing Set for status on Chapter 11 Case (RE: 83 Chapter 11 Plan). Status hearing to be held on 11/6/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Miller, Myrtle) (Entered: 09/25/2006) |
| 09/25/2006 | ●86 | Order Granting Motion for Rule 2004 (Related Doc # 82). Signed on 9/25/2006. (Gomez, Denise) (Entered: 09/26/2006) |
| | | |

| 09/25/2006 | ●87 | Notice of Hearing on U S Trustee's Motion to Convert or Dismiss Case Filed by M Gretchen Silver on behalf of Ira Bodenstein . Hearing scheduled for 11/6/2006 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Gomez, Denise) (Entered: 09/26/2006) |
|---|---|---|
| 09/26/2006 | ●88 | BNC Certificate of Service - Hearing. (RE: 87 Notice of Hearing on U S Trustee's Motion to Convert or Dismiss, ). No. of Notices: 12. Service Date 09/28/2006. (Admin.) (Entered: 09/28/2006) |
| 10/18/2006 | ●89 | Disclosure Statement Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Attachments: # 1 Exhibit A)(Clar, Scott) (Entered: 10/18/2006) |
| 10/18/2006 | ●90 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 89 Disclosure Statement). (Clar, Scott) (Entered: 10/18/2006) |
| 10/24/2006 | ●91 | Notice of Motion and Motion to Set Hearing Adequacy of Disclosure Statement and Confirmation of Plan. Filed by Scott R Clar on behalf of South Beach Securities, Inc.. Hearing scheduled for 11/1/2006 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order Combining Hearing Date for Debtor's Disclosure Statement and Confirmation of Plan) (Clar, Scott) (Entered: 10/24/2006) |
| 11/01/2006 | ●92 | Order Granting Motion To Set Hearing (Related Doc # 91). Ballots/Acceptance or Rejection to Plan due by: 1/12/2007. Confirmation hearing to be held on 1/17/2007 at 10:00 AM . Disclosure hearing to be held on 1/17/2007 at 10:00 AM . Last day to Object to Confirmation 1/9/2007. Last day to oppose disclosure statement is 1/9/2007. Signed on 11/1/2006. (Gomez, Denise) (Entered: 11/02/2006) |
| 11/06/2006 | ●93 | Hearing Continued (RE: [85] Hearing Ch 11 Plan or Reorganization and Hrg on Adequacy of Disclosure Statement, 87 Notice of Hearing on U S Trustee's Motion to Convert or Dismiss, ). Hearing continued on 1/17/2007 at 10:00AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Miller, Myrtle) (Entered: 11/06/2006) |
| 11/06/2006 | ●94 | Certificate of Service Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 91 Motion to Set Hearing, ). (Clar, Scott) (Entered: 11/06/2006) |
| 11/06/2006 | ●95 | Order Scheduling on Combined Hearing (RE: 91 Motion to Set Hearing, ). Ballots/Acceptance or Rejection to Plan due by: 1/9/2007. Confirmation hearing to be held on 1/17/2007 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604.Disclosure |

|  |  |  |
|---|---|---|
|  |  | hearing to be held on 1/17/2007 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. Last day to Object to Confirmation 1/9/2007. Last day to oppose disclosure statement is 1/9/2007. Signed on 11/6/2006 (Green, Charlie) (Entered: 11/07/2006) |
| 11/13/2006 | ●96 | Order Vacating Order as entered in error (RE: 95 Order Scheduling, , ). Signed on 11/13/2006 (Green, Charlie) (Entered: 11/14/2006) |
| 01/03/2007 | ●97 | **INCORRECT/INCOMPLETE PDF, FILER NOTIFIED TO REFILE** Supplemental Statement of Financial Affairs Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) Modified on 1/11/2007 (Weston, Carel Dell). (Entered: 01/03/2007) |
| 01/04/2007 | ●98 | Notice of Motion and Motion to Extend Time to File Objection to Debtor's Plan and Disclosure Statement Filed by William T Neary Hearing scheduled for 1/8/2007 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Gulden, Cameron) (Entered: 01/04/2007) |
| 01/08/2007 | ●99 | Chapter 11 Ballot. Holder of a Class 1 claim in the amount of $3,297,489.00 votes to Accept Plan of Reorganization Filed by Mark E Leipold on behalf of South Beach Securities, Inc.. (Leipold, Mark) (Entered: 01/08/2007) |
| 01/09/2007 | ●100 | Chapter 11 Ballot. Holder of a Class 1 claim in the amount of $3,297,489.00 votes to Accept Plan of Reorganization Filed by Mark E Leipold on behalf of Scattered Corporation. (Leipold, Mark) (Entered: 01/09/2007) |
| 01/09/2007 | ●101 | Amended Certificate of Service Filed by Mark E Leipold on behalf of Scattered Corporation (RE: 100 Chapter 11 Ballot). (Leipold, Mark) (Entered: 01/09/2007) |
| 01/09/2007 | ●102 | Report of Balloting Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Attachments: # 1 Exhibit A) (Clar, Scott) (Entered: 01/09/2007) |
| 01/09/2007 | ●103 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 102 Report of Balloting). (Clar, Scott) (Entered: 01/09/2007) |
| 01/08/2007 | ●104 | Order Granting Motion to Extend Time to 01/12/2007(Related Doc # 98). Signed on 1/8/2007. (Gomez, Denise) (Entered: 01/09/2007) |
| 01/11/2007 | ●105 | CORRECTIVE ENTRY INCORRECT/INCOMPLETE PDF, FILER NOTIFIED TO REFILE (RE: 97 Statement of Financial Affairs). |

| | | (Weston, Carel Dell) (Entered: 01/11/2007) |
|---|---|---|
| 01/12/2007 | 106 | Objection to Confirmation of Plan Filed by U.S. Trustee William T. Neary (RE: 83 Chapter 11 Plan). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H)(Gulden, Cameron) (Entered: 01/12/2007) |
| 01/16/2007 | 107 | List of Exhibits, List of Witnesses Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 01/16/2007) |
| 01/16/2007 | 108 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 107 List of Exhibits, List of Witnesses). (Clar, Scott) (Entered: 01/16/2007) |
| 01/16/2007 | 109 | Notice of Motion and Motion to Exclude Exhibits E, G and H. Filed by Scott R Clar on behalf of South Beach Securities, Inc.. Hearing scheduled for 1/24/2007 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # (1) Proposed Order Excluding Certain of the U.S. Trustee's Exhibits) (Clar, Scott) (Entered: 01/16/2007) |
| 01/16/2007 | 110 | Amended List of Exhibits, List of Witnesses Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 01/16/2007) |
| 01/16/2007 | 111 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 110 List of Exhibits, List of Witnesses). (Clar, Scott) (Entered: 01/16/2007) |
| 01/17/2007 | 112 | Appearance Filed by Gregory J Jordan on behalf of Leon Greenblatt. (Jordan, Gregory) (Entered: 01/17/2007) |
| 01/17/2007 | 113 | Order Scheduling (RE: 106 Trustee's Objection to Confirmation of Plan, ). Reply due by: 3/7/2007 Responses due by 2/14/2007 Surreplies due by 03/21/2007. Signed on 1/17/2007 (Gomez, Denise) (Entered: 01/19/2007) |
| 01/18/2007 | 114 | Certificate of Service (RE: 113 Order Scheduling). (Gomez, Denise) (Entered: 01/19/2007) |
| 01/18/2007 | 115 | Order the court orders the debtor to serve the Internal Revenue Service with copies of the proposed plan and disclosure statement. Service must be accomplished no later than 01/26/2007 with proof of service. Signed on 1/18/2007 (Gomez, Denise) (Entered: 01/22/2007) |
| 01/24/2007 | 116 | Order Denying Motion To Exclude (Related Doc # 109). Signed on 1/24/2007. (Gomez, Denise) (Entered: 01/24/2007) |

| 01/26/2007 | ⬤117 | Certificate of Service Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 89 Disclosure Statement, 83 Chapter 11 Plan). (Clar, Scott) (Entered: 01/26/2007) |
|---|---|---|
| 02/14/2007 | ⬤118 | Response to (related document(s): 89 Disclosure Statement) Filed by Scott R Clar on behalf of South Beach Securities, Inc. (Clar, Scott) Modified on 2/15/2007 to create related document #106 (Sims, Mildred). (Entered: 02/14/2007) |
| 02/14/2007 | ⬤119 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 118 Response). (Clar, Scott) (Entered: 02/14/2007) |
| 02/15/2007 | ⬤120 | CORRECTIVE ENTRY to create related document #106 (RE: 118 Response). (Sims, Mildred) (Entered: 02/15/2007) |
| 03/07/2007 | ⬤121 | Reply to (related document(s): 118 Response) Filed by Cameron M Gulden on behalf of William T. Neary (Gulden, Cameron) (Entered: 03/07/2007) |
| 03/14/2007 | ⬤122 | Notice of Motion and Motion To Substitute Attorney Filed by Thomas C. Wolford on behalf of Scattered Corporation. Hearing scheduled for 3/28/2007 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Exhibit # 2 Proposed Order) (Wolford, Thomas) (Entered: 03/14/2007) |
| 03/16/2007 | ⬤123 | Attachment(s) Proposed Order Filed by Thomas C. Wolford on behalf of Scattered Corporation (RE: 122 Motion to Substitute Attorney, ). (Wolford, Thomas) (Entered: 03/16/2007) |
| 03/21/2007 | ⬤124 | Sur Reply in Support to (related document(s): 118 Response) Filed by Scott R Clar on behalf of South Beach Securities, Inc. (Clar, Scott) (Entered: 03/21/2007) |
| 03/21/2007 | ⬤125 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 124 Sur Reply). (Clar, Scott) (Entered: 03/21/2007) |
| 03/21/2007 | ⬤126 | Amended Sur Reply to (related document(s): 118 Response) Filed by Scott R Clar on behalf of South Beach Securities, Inc. (Clar, Scott) (Entered: 03/21/2007) |
| 03/21/2007 | ⬤127 | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: 126 Sur Reply). (Clar, Scott) (Entered: 03/21/2007) |
| 03/28/2007 | ⬤128 | Order Granting Motion to Substitute Attorney adding Louis D |

| | | |
|---|---|---|
| | | Bernstein for Scattered Corporation, Thomas C. Wolford for Scattered Corporation, terminating Mark E Leipold and Thomas C. Wolford. (Related Doc # 122). Signed on 3/28/2007. (Gomez, Denise) (Entered: 03/29/2007) |
| 10/30/2007 | 129 | Notice of Motion and Motion to Approve Requesting Ruling or in the Alternative Status Hearing Filed by Louis D Bernstein on behalf of Scattered Corporation. Hearing scheduled for 11/14/2007 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Exhibit # 2 Proposed Order) (Bernstein, Louis) (Entered: 10/30/2007) |
| 11/01/2007 | 130 | Memorandum Opinion (RE: 83 Chapter 11 Plan). (Gomez, Denise) (Entered: 11/01/2007) |
| 11/01/2007 | 131 | Order Denying Confirmation of Chapter 11 Plan and case is set for status hearing on 11/21/2007 at 10:00 AM (RE: 83 Chapter 11 Plan) (Re: #130). Signed on 11/1/2007 (Gomez, Denise) (Entered: 11/01/2007) |
| 11/01/2007 | 132 | Certificate of Service (RE: 130 Memorandum Opinion, 131 Order Denying Confirmation of Chapter 11 Plan). (Gomez, Denise) (Entered: 11/01/2007) |
| 11/01/2007 | 133 | Hearing Set (RE: 1 Status Hearing Re: Voluntary Petition (Chapter 11)). Status hearing to be held on 11/21/2007 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Enriquez, Nancy) (Entered: 11/01/2007) |
| 11/05/2007 | 134 | Notice of Motion and Motion to Dismiss Case Filed by William T. Neary Hearing scheduled for 11/21/2007 at 10:00 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Gulden, Cameron) (Entered: 11/05/2007) |
| 11/08/2007 | 135 | Notice of Appeal with Motion for Leave to Appeal Filed by Scott R Clar on behalf of South Beach Securities, Inc.. Fee Amount $255 (RE: 131 Order Denying Confirmation of Chapter 11 Plan). (Attachments: # 1 Exhibit A&B# 2 Appendix Motion for Leave to File Appeal)(Clar, Scott) (Entered: 11/08/2007) |
| 11/08/2007 | 136 | Receipt of Notice of Appeal with Motion for Leave to Appeal(05-16679) [appeal,ntcaplml] ( 255.00) Filing Fee. Receipt number 7863023. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 11/08/2007) |
| 11/08/2007 | 137 | Notice of Filing and Motion for Leave to Appeal Filed by Colleen E McManus on behalf of Scattered Corporation. Transmission of |

| | | |
|---|---|---|
| | | Record Due by 11/19/2007. (Attachments: # <u>1</u> Proposed Order) (McManus, Colleen) (Entered: 11/08/2007) |
| 11/08/2007 | ⬤<u>138</u> | Notice of Filing Filed by Scott R Clar on behalf of South Beach Securities, Inc. (RE: <u>135</u> Notice of Appeal with Motion for Leave to Appeal, ). (Clar, Scott) (Entered: 11/08/2007) |
| 11/08/2007 | ⬤<u>139</u> | Notice of Appeal to District Court. Filed by Colleen E McManus on behalf of Scattered Corporation. Fee Amount $255 (RE: <u>131</u> Order Denying Confirmation of Chapter 11 Plan). Appellant Designation due by 11/19/2007. Transmission of Record Due by 12/18/2007. (Attachments: # <u>1</u> Exhibit A&B)(McManus, Colleen) (Entered: 11/08/2007) |
| 11/08/2007 | 140 | Receipt of Notice of Appeal(05-16679) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 7863353. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 11/08/2007) |
| 11/08/2007 | ⬤<u>141</u> | Notice of Filing Filed by Colleen E McManus on behalf of Scattered Corporation (RE: <u>139</u> Notice of Appeal, ). (McManus, Colleen) (Entered: 11/08/2007) |
| 11/13/2007 | ⬤<u>142</u> | Notice of Filing to Bk Judge and Parties on Service List (RE: <u>135</u> Notice of Appeal with Motion for Leave to Appeal, ). (Weston, Carel Dell) (Entered: 11/13/2007) |
| 11/13/2007 | ⬤<u>143</u> | Notice of Filing to Bk Judge and Parties on Service List (RE: <u>139</u> Notice of Appeal, ). (Weston, Carel Dell) (Entered: 11/13/2007) |
| 11/13/2007 | ⬤<u>144</u> | Notice of Filing to Bk Judge and Parties on Service List (RE: <u>137</u> Notice of Filing and Motion for Leave to Appeal) . (Weston, Carel Dell) (Entered: 11/13/2007) |
| 11/13/2007 | ⬤<u>145</u> | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE** Notice Amended Notice of Appeal Filed by Louis D Bernstein on behalf of Scattered Corporation (RE: <u>139</u> Notice of Appeal, ). (Bernstein, Louis) Modified on 11/14/2007 (Weston, Carel Dell). (Entered: 11/13/2007) |
| 11/14/2007 | ⬤146 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: <u>145</u> Notice). (Weston, Carel Dell) (Entered: 11/14/2007) |
| 11/14/2007 | ⬤<u>147</u> | Summary of Cash Receipt and Disbursement for Filing Period Ending October 31, 2007 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 11/14/2007) |
| | | |

| 11/14/2007 | ◑148 | Summary of Cash Receipt and Disbursement for Filing Period Ending September 30, 2007 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 11/14/2007) |
|---|---|---|
| 11/14/2007 | ◑149 | Summary of Cash Receipt and Disbursement for Filing Period Ending August 31, 2007 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 11/14/2007) |
| 11/14/2007 | ◑150 | Receipt of Notice of Appeal Fee- $5.00 by SD. Receipt Number 03160840. Payment received from Greenblatt. (Entered: 11/15/2007) |
| 11/14/2007 | ◑151 | Receipt of Docketing of Appeal Fee- $250.00 by SD. Receipt Number 03160840. Payment received from Greenblatt. (Entered: 11/15/2007) |
| 11/15/2007 | ◑152 | Summary of Cash Receipt and Disbursement for Filing Period Ending October 31, 2007 Filed by Scott R Clar on behalf of South Beach Securities, Inc.. (Clar, Scott) (Entered: 11/15/2007) |
| 11/14/2007 | ◑153 | Notice of Filing and Motion for Leave to Appeal (related document (s): 131 Order Denying Confirmation of Chapter 11 Plan) Filed by Leon Greenblatt . Transmission of Record Due by 11/26/2007. (Weston, Carel Dell) (Entered: 11/15/2007) |
| 11/14/2007 | ◑154 | Notice of Appeal to District Court. Filed by Leon Greenblatt . Fee Amount $255 (RE: 131 Order Denying Confirmation of Chapter 11 Plan). Appellant Designation due by 11/26/2007. Transmission of Record Due by 12/24/2007. (Weston, Carel Dell) (Entered: 11/15/2007) |
| 11/15/2007 | ◑155 | Notice of Filing to Bk Judge and Parties on Service List (RE: 153 Notice of Filing and Motion for Leave to Appeal) . (Weston, Carel Dell) (Entered: 11/15/2007) |
| 11/15/2007 | ◑156 | Notice of Filing to Bk Judge and Parties on Service List (RE: 154 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 11/15/2007) |
| 11/14/2007 | ◑157 | Order Striking Motion to Approve (Related Doc # 129). Signed on 11/14/2007. (Gomez, Denise) (Entered: 11/16/2007) |
| 11/19/2007 | ◑158 | Transmittal of Record to District Court. Case Number: 07 C 6532 Assigned to Judge: Joan H. Lefkow (RE: 139 Notice of Appeal,, 137 Motion for Leave to Appeal). (Weston, Carel Dell) (Entered: 11/19/2007) |
| 11/19/2007 | ◑159 | Transmittal of Record to District Court. Case Number: (RE: 135 Notice of Appeal with Motion for Leave to Appeal, ). (Weston, Carel |

| | | |
|---|---|---|
| | | Dell) Modified on 11/21/2007 to correct text to include Case Number: 07C6533 Assigned to Judge: Lefkow (Sims, Mildred). (Entered: 11/19/2007) |
| 11/21/2007 | 160 | CORRECTIVE ENTRY to correct text to include Case Number: 07C6533 Assigned to Judge: Lefkow (RE: 159 Transmittal of Record on Appeal, ). (Sims, Mildred) (Entered: 11/21/2007) |
| 11/26/2007 | 161 | Transmittal of Record to District Court. Case Number: 07 CV 6614 Assigned to Judge: Lefkow (RE: 154 Notice of Appeal,, 153 Motion for Leave to Appeal). (Weston, Carel Dell) (Entered: 11/26/2007) |
| 11/26/2007 | 162 | Response to (related document(s): 153 Motion for Leave to Appeal) Filed by Cameron M Gulden on behalf of William T Neary (Gulden, Cameron) (Entered: 11/26/2007) |
| 11/27/2007 | 163 | Hearing Continued (RE: 1 Voluntary Petition (Chapter 11)). Hearing continued on 1/23/2008 at 10:00AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Enriquez, Nancy) (Entered: 11/27/2007) |
| 11/27/2007 | 164 | Hearing Continued (RE: 134 Dismiss Case). Hearing Scheduled for 01/23/2008 at 10:00 AM at Courtroom 613 219 South Dearborn, Chicago, IL, 60604. (Castellano,Nancy) (Entered: 11/27/2007) |
| 11/30/2007 | 165 | Addendum to Record on Appeal Filed by . (Re: 153 Notice of Filing Leave to Appeal and RE: 154 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 11/30/2007) |
| 12/06/2007 | 166 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Cameron M Gulden on behalf of William T Neary.. (Gulden, Cameron) Modified on 12/12/2007 to create related document #135, Filer Notified (Weston, Carel Dell). Modified on 12/13/2007 to correct related document #139(Sims, Mildred). (Entered: 12/06/2007) |
| 12/12/2007 | 167 | CORRECTIVE ENTRY to create related document #135, Filer Notified (RE: 166 Appellee Designation). (Weston, Carel Dell) Modified on 12/12/2007 (Weston, Carel Dell). (Entered: 12/12/2007) |
| 12/11/2007 | 168 | Addendum to Record on Appeal (RE: 139 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 12/12/2007) |
| 12/13/2007 | 169 | CORRECTIVE ENTRY to correct related document #139 (RE: 166 Appellee Designation, ). (Sims, Mildred) (Entered: 12/13/2007) |
| 12/20/2007 | 170 | Notice of Motion and Motion to Set Hearing on Motion to Dismiss. Filed by William T Neary Hearing scheduled for 1/2/2008 at 09:30 |

| | | |
|---|---|---|
| | | AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Gulden, Cameron) (Entered: 12/20/2007) |
| 01/02/2008 | 171 | Hearing Date of 1/23/08 is Stricken (RE: 134 Dismiss Case). (Enriquez, Nancy) (Entered: 01/02/2008) |
| 01/02/2008 | 172 | Hearing of 1/2/08 at 9:30 a.m. is Concluded (RE: 170 Motion to Set Hearing, ). (Enriquez, Nancy) (Entered: 01/02/2008) |
| 01/02/2008 | 173 | Order Dismissing Case (Re: #170) . Signed on 1/2/2008 (Gomez, Denise) (Entered: 01/02/2008) |
| 01/02/2008 | 174 | Notice of Motion and Motion to Withdraw Appearance as Counsel for Debtor Filed by Scott R Clar on behalf of South Beach Securities, Inc.. Hearing scheduled for 1/9/2008 at 09:30 AM at 219 South Dearborn, Courtroom 613, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Clar, Scott) (Entered: 01/02/2008) |
| 01/02/2008 | 175 | BNC Certificate of Service - Notice of Dismissal (RE: 173 Order Dismissing Case). No. of Notices: 6. Service Date 01/04/2008. (Admin.) (Entered: 01/05/2008) |
| 01/09/2008 | 176 | Order Granting Motion to Withdraw (Related Doc # 174). Signed on 1/9/2008. (Gomez, Denise) (Entered: 01/10/2008) |
| 01/14/2008 | 177 | Notice of Appeal to District Court. Filed by Colleen E McManus on behalf of Scattered Corporation. Fee Amount $255 (RE: 131 Order Denying Confirmation of Chapter 11 Plan). Appellant Designation due by 1/24/2008. Transmission of Record Due by 2/25/2008. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(McManus, Colleen) (Entered: 01/14/2008) |
| 01/14/2008 | 178 | Notice of Filing Filed by Colleen E McManus on behalf of Scattered Corporation (RE: 177 Notice of Appeal, ). (McManus, Colleen) (Entered: 01/14/2008) |
| 01/14/2008 | 179 | Receipt of Notice of Appeal Fee- $5.00 by EG. Receipt Number 03161777. Payment received from Mann. (Entered: 01/15/2008) |
| 01/14/2008 | 180 | Receipt of Docketing of Appeal Fee- $250.00 by EG. Receipt Number 03161777. Payment received from Mann. (Entered: 01/15/2008) |
| 01/14/2008 | 181 | Receipt of Notice of Appeal Fee- $5.00 by EG. Receipt Number 03161778. Payment received from Greenblatt. (Entered: 01/15/2008) |

| 01/14/2008 | ●182 | Receipt of Docketing of Appeal Fee- $250.00 by EG. Receipt Number 03161778. Payment received from Greenblatt. (Entered: 01/15/2008) |
| --- | --- | --- |
| 01/14/2008 | ●183 | Notice of Appeal to District Court. Filed by Jonathan T Mann on behalf of South Beach Securities, Inc. . Fee Amount $255 (RE: 173 Order Dismissing Case, 131 Order Denying Confirmation of Chapter 11 Plan). Appellant Designation due by 1/24/2008. Transmission of Record Due by 2/25/2008. (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/14/2008 | ●184 | Notice of Hearing of Rule to Show Cause with Certificate of Service against Jonathan T Mann for Not Filing Electronically . Hearing scheduled for 1/24/2008 at 11:00 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/14/2008 | ●185 | Notice of Appeal to District Court. Filed by Leon Greenblatt . Fee Amount $255 (RE: 173 Order Dismissing Case, 131 Order Denying Confirmation of Chapter 11 Plan). Appellant Designation due by 1/24/2008. Transmission of Record Due by 2/25/2008. (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/15/2008 | ●186 | Notice of Filing to Bk Judge and Parties on Service List (RE: 177 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/15/2008 | ●187 | Notice of Filing to Bk Judge and Parties on Service List (RE: 183 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/15/2008 | ●188 | Notice of Filing to Bk Judge and Parties on Service List (RE: 185 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/15/2008) |
| 01/16/2008 | 189 | Receipt of Notice of Appeal(05-16679) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 8169331. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 01/16/2008) |
| 01/23/2008 | ●190 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Colleen E McManus on behalf of Scattered Corporation. (RE: 177 Notice of Appeal,, 183 Notice of Appeal,, 154 Notice of Appeal, 185 Notice of Appeal,, 139 Notice of Appeal, ). (McManus, Colleen) (Entered: 01/23/2008) |
| 01/23/2008 | ●191 | Notice of Filing Filed by Colleen E McManus on behalf of Scattered Corporation (RE: 190 Appellant Designation and Statement of Issue, ). (McManus, Colleen) (Entered: 01/23/2008) |
| 01/24/2008 | ●192 | Hearing Concluded (RE: 184 Notice of Hearing of Rule to Show |

| | | |
|---|---|---|
| | | Cause for Not Filing Electronically, ). (Devine, Tina) (Entered: 01/24/2008) |
| 01/24/2008 | ●193 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Jonathan T. Mann filed on behalf of South Beach Securities, Inc. . (RE: 183 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/25/2008) |
| 01/24/2008 | ●194 | Notice of Hearing of Rule to Show Cause with Certificate of Service against Jonathan T. Mann for Not Filing Electronically . Hearing scheduled for 2/12/2008 at 11:00 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Weston, Carel Dell) (Entered: 01/25/2008) |
| 01/24/2008 | ●195 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Leon Greenblatt . (RE: 185 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/25/2008) |
| 01/24/2008 | ●196 | Notice of Filing Filed by Leon Greenblatt (RE: 195 Appellant Designation and Statement of Issue). (Weston, Carel Dell) (Entered: 01/25/2008) |
| 01/30/2008 | ●197 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Cameron M Gulden on behalf of William T Neary. (RE: 183 Notice of Appeal,, 177 Notice of Appeal,, 185 Notice of Appeal, ). (Gulden, Cameron) (Entered: 01/30/2008) |
| 02/04/2008 | ●198 | Notification Order By District Court Judge Lefkow, Re: Appeal on Civil Action Number: 07 C 6532, Dated 12/19/07. Case Dimissed (RE: 139 Notice of Appeal, ). Signed on 2/4/2008 (Weston, Carel Dell) (Entered: 02/06/2008) |
| 02/04/2008 | ●199 | Notification Order By District Court Judge Lefkow, Re: Appeal on Civil Action Number: 07C 6533, Dated 12/18/07. Case dismissed (RE: 135 Notice of Appeal with Motion for Leave to Appeal, ). Signed on 2/4/2008 (Weston, Carel Dell) (Entered: 02/06/2008) |
| 02/04/2008 | ●200 | Notification Order By District Court Judge Lefkow, Re: Appeal on Civil Action Number: 07 C 6614, Dated 12/18/07. Case Dismissed (RE: 154 Notice of Appeal, ). Signed on 2/4/2008 (Weston, Carel Dell) (Entered: 02/06/2008) |
| 02/12/2008 | ●201 | Hearing Concluded (RE: 194 Notice of Hearing of Rule to Show Cause for Not Filing Electronically, ). (Devine, Tina) (Entered: 02/12/2008) |

This is to certify that the within and attached
document is a full, true and correct copy of
the original thereof as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Illinois.

KENNETH S GARDNER
CLERK OF COURT

By _____
Deputy Clerk
Dated _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                              )        Case No. 05-16679
                                    )        Chapter 11
SOUTH BEACH SECURITIES, INC., a     )        Hon. A. Benjamin Goldgar
Mississippi corporation,            )
                                    )
    Debtor.                         )

## NOTICE OF APPEAL

Leon Greenblatt, *pro se*, appeals under 28 U.S.C. § 158 from (i) the order entered by

Bankruptcy Judge A. Benjamin Goldgar in the underlying Chapter 11 case denying confirmation

of the Debtor's Plan dated November 1, 2007, and (ii) the order entered by Bankruptcy Judge A.

Benjamin Goldgar dismissing the underlying Chapter 11 case. With respect to the order denying

confirming of Debtor's Plan, Mr. Greenblatt additionally seeks to appeal whether the Bankruptcy

Court erred in stating that it would admit the transcript of Mr. Greenblatt's Bankruptcy Rule

2004 examination into evidence at the confirmation hearing--but not for the purpose of

impeaching him--and then citing his examination testimony to impeach him in the memorandum

opinion denying confirmation of the South Beach plan of reorganization.

Copies of the order denying confirmation and the Memorandum Opinion from which this

Appeal is taken are attached as Exhibits A and B. A copy of the Dismissal Order, entered on the

docket on January 2, 2008, is attached as Exhibit C.

The names and contact information of all parties to these related orders appealed from

are:

**08CV1137
JUDGE LEFKOW
MAG.JUDGE SCHENKIER**

## FILED

FEB 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| South Beach Securities, Inc.<br>330 South Wells Street<br>Suite 718<br>Chicago, IL 60606 | Leon Greenblatt, *pro se*<br>330 South Wells Street<br>Suite 711<br>Chicago, IL 60606 |
|---|---|
| M. Gretchen Silver<br>Cameron M. Gulden<br>United States Trustee's Office<br>227 W. Monroe Street, Suite 3350<br>Chicago, IL 60606<br>Phone: (312) 886-3327<br>Counsel for U.S. Trustee William T. Neary | Louis D. Bernstein<br>Colleen E. McManus<br>Much Shelist Denenberg Ament<br>   & Rubenstein, P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>Phone: 312-521-2100<br>Counsel for Scattered Corporation |

Respectfully submitted,

Leon Greenblatt, *pro se*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTH BEACH SECURITIES, INC., | ) | No. 05 B 16679 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### MEMORANDUM OPINION

This chapter 11 bankruptcy case is before the court for ruling following a combined

hearing on the adequacy of the debtor's disclosure statement and confirmation of its plan. For

the reasons that follow, confirmation of the plan will be denied.

### 1. Background

Debtor South Beach Securities, Inc. is a corporate shell with no business operation or

income. Its only assets are net operating losses, a tax attribute. It has a single creditor, a related

entity called Scattered Corporation, with a claim of $3,297,489. South Beach proposes a plan

under which stock of South Beach held by its defunct parent, NOLA, LLC, will be canceled and

new stock issued to Scattered. Scattered will then pay South Beach an amount sufficient to

enable it to use up the net operating losses, shielding the payment from taxes.

South Beach and NOLA filed bankruptcy petitions on April 27, 2005. After reviewing

the petitions and schedules, this court made a preliminary finding that both cases should be

dismissed under 11 U.S.C. § 1112(b), since both appeared to have been filed in bad faith.

Neither case seemed to have any legitimate reorganizational objective: NOLA had no assets to

sell or operation to preserve, and the point of the South Beach bankruptcy was to take advantage

of South Beach's tax deduction. The U.S. trustee supported dismissal. Following briefing, both

cases were dismissed.

South Beach (but not NOLA) appealed, and the district court reversed. *See In re South Beach Securities, Inc.*, 341 B.R. 853 (N.D. Ill. 2006). The district court acknowledged that Scattered was "likely an insider vis-à-vis South Beach" but concluded that there is no "blanket prohibition on insider creditors collecting on their debts" in bankruptcy. *Id.* at 857. Although there was "certainly a basis for concern" about South Beach's relationship with Scattered, the district court said, "more was needed" before the case could be dismissed. *Id.* at 858. The district court accordingly remanded the case for further proceedings in which the bad faith question could be revisited. *Id.*

On remand, however, the U.S. trustee chose not to pursue dismissal. Instead, he objected to South Beach's disclosure statement and plan on two grounds: (1) that no impaired, non-insider creditor class had accepted the plan, as 11 U.S.C. § 1129(a)(10) requires; and (2) that the principal purpose of the plan was avoidance of taxes in violation of 11 U.S.C. § 1129(d).

In January 2007, the court held a short evidentiary hearing on the adequacy of the disclosure statement and confirmation of the proposed plan. No officer or director of South Beach testified. The only witness was Leon A. Greenblatt, III, who signed South Beach's petition as its "authorized agent" and who is also an officer and director of creditor Scattered.

As discussed below, the U.S. trustee is correct on both his grounds for objecting to confirmation of the South Beach plan. The objection will therefore be sustained.[1]

---

[1]    The U.S. trustee also objected on a third ground: the plan was a liquidating plan under which South Beach would receive a discharge, and section 1141(d)(3)(A) says confirmation does not discharge a debtor if the plan provides for the liquidation of all or substantially all estate property. 11 U.S.C. § 1141(d)(3)(A). Therefore, the U.S. trustee argued, the plan failed to satisfy section 1129(a)(1) which requires compliance with "all applicable provisions" of title 11. 11 U.S.C. § 1129(a)(1). Assuming this is a proper objection to confirmation – section 1141 concerns the effects of confirmation, not its requirements – there is

-2-

## 2. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). The confirmation of a chapter 11 plan is a core proceeding. 28 U.S.C. § 157(b)(2)(L).

## 3. Findings of Fact

The evidence presented at the plan confirmation hearing was sparse – partly because South Beach saw fit to offer very little evidence to support confirmation, but also because Greenblatt, the sole witness, was taciturn and uncooperative, purporting not to remember even basic information about himself and his affairs.[2] The facts, consequently, are sketchy at best.

Debtor South Beach Securities is a Mississippi corporation incorporated in 1984 (Ex. G),[3] but Greenblatt was unable to say who had formed South Beach (Ex. A at 21). Its mailing address is 330 South Wells Street, Chicago, Illinois. (Tr. at 8). It has a single officer and director, one William Johnson. (*Id.* at 10). Johnson receives no compensation and has never

---

no need to reach it given the outcome on the other objections. *See In re 203 N. LaSalle St. P'ship*, 126 F.3d 955, 960 (7th Cir. 1997) (noting that a single valid objection is enough to warrant denial of confirmation), *rev'd on other grounds sub nom. Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434 (1999).

[2] To give but a few of the many examples, Greenblatt claimed at his Rule 2004 examination (the transcript of which was admitted into evidence and made up much of the testimony) not to recall when he graduated from high school (Ex. A at 16), what his occupation had been since 1990 (*id.* at 17), when he was registered with the Securities & Exchange Commission (*id.*), whether he ever held any other form of license (*id.* at 18-19), whether the S.E.C. had ever investigated him (*id.* at 19), whether he signed South Beach's bankruptcy petition (*id.* at 20), who was involved in the daily operations of South Beach (*id.* at 22), how he met South Beach's only officer and director (*id.* at 26), and how long he had known him (*id.*).

[3] Exhibits are cited as "Ex. ___" without a party designation because only the U.S. trustee offered exhibits as evidence. The transcript of Greenblatt's Rule 2004 examination is cited as "Ex. A." The transcript of the plan confirmation hearing is cited as "Tr. at ___."

received any. (*Id.*) According to Greenblatt, Johnson's only duty as an officer and director of South Beach is to occupy those positions. (Ex. A at 38). His qualification to act as an officer and director, Greenblatt said, is simply that "[h]is heart is beating." (*Id.*).

South Beach was once registered as a securities broker/dealer with the S.E.C. (*id.* at 21), but it ceased to be registered some time after January 2001 (*id.* at 72). South Beach no longer conducts any kind of business (*id.* at 30-32; Tr. at 63), and the evidence did little more than hint that it had ever done so (*see, e.g.*, Ex. A at 30-32) (stating that South Beach had certain "claims," including claims against Ernst & Young, and so implying that a business operation might have generated those claims). South Beach has no assets apart from net operating losses ("NOLs") in an unspecified amount. (Tr. at 9, 21, 35; Ex. A at 32-33). How South Beach produced the NOLs was not explained.

The sole shareholder of South Beach is NOLA, LLC, a limited liability company (Tr. at 9) with a mailing address of 330 South Wells Street, Chicago, Illinois (Ex. A at 54).[4/] The members of NOLA include Greenblatt's father, Leon Greenblatt, II, James Nichols, and possibly Robert Jahelka. (*Id.* at 40). NOLA has no current business operation and has never had one. (Tr. at 65). NOLA has no assets and owns no property other than the stock of South Beach. (*Id.* at 65-66). Greenblatt described NOLA as "hopelessly insolvent" (Ex. A at 60), though how NOLA could have generated debts when it never had a business operation is unclear.

NOLA is managed (for want of a better term) by Teletech Systems, Inc., a non-member of which Greenblatt is president. (Tr. at 32). Managing NOLA is Teletech's only function (Ex. A at 43), but NOLA does not pay Teletech for its services (*id.* at 55). Greenblatt is Teletech's

---

[4/]    Attached to this opinion is a chart showing the relationships between Greenblatt, NOLA, South Beach, and several other related entities mentioned at the hearing.

only employee, and he, too, is unpaid. (*Id.* at 46-47) (stating that he receives only "a pat on [the] back"). Although he is Teletech's president and sole employee, Greenblatt claimed not to know who owns Teletech's stock (*id.* at 44-45), where its books and records are (*id.* at 45), whether it has a checking account (*id.* at 47), or where it banks (*id.* at 49). Like South Beach and NOLA – and Greenblatt (*id.* at 54) – Teletech's address is 330 South Wells Street, Chicago, Illinois. (*Id.* at 43).

On January 26, 2001, South Beach entered into an agreement with another entity, Loop Corp., entitled "Subordinated Loan Agreement for Equity Capital." (Ex. B). Under the agreement, Loop lent South Beach $2,198,326. (*Id.* at 1). The loan was to be repaid five years later and during the interim would accrue 12% interest annually. (*Id.*). According to the agreement, the loan was to be used as part of South Beach's "capital." (*Id.* at 1; *see also* Ex. A at 70). Asked how South Beach found Loop as a lender, Greenblatt testified that he "arranged" it. (Ex. A. at 67). Asked what that meant, he said only that he "participated in the funding of the loan" and did not elaborate further. (*Id.*). Greenblatt executed the agreement on behalf of South Beach as an "authorized person." (Ex. B at 5; Tr. at 34). Andrew A. Jahelka executed the agreement on Loop's behalf.[5] (Ex. B at 5; *see also* Ex. A at 69-70).

The same year that Loop lent South Beach $2,198,326, South Beach lent NOLA a "significant" amount of money, probably $3.2 million.[6] The purpose of the loan was to enable

---

[5]     Andrew Jahelka was mentioned but never identified at the hearing. Other papers South Beach filed in the bankruptcy, however, describe Andrew Jahelka as the son of Robert Jahelka, one of the members of NOLA. *See* Consol. Mem. of NOLA, L.L.C. and South Beach Securities, Inc. Regarding the Good Faith Filing Requirement at 2 n.4 (Docket Item No. 30).

[6]     At the hearing, Greenblatt purported not to recall the amount of the loan to NOLA. (Tr. at 36). At his Rule 2004 examination, however, he did not quarrel with a "three million two" figure. (Ex. A at 57). Other papers South Beach filed in the bankruptcy say that South Beach had a claim against NOLA for $3,297,489 which it has waived. *See* Consol. Mem.

NOLA to buy the stock of a company called Health Risk Management ("HRM"). (Ex. A at 57-58).

On December 31, 2002, Loop and another entity, Scattered Corporation, executed an "Assignment and Sale of Loan." (Ex. C). Under the document, Loop assigned to Scattered its interest in the January 2001 loan agreement with South Beach in return for $100,000. (*Id.*; *see also* Ex. A at 77, 83). Greenblatt is an officer and director of Scattered. (Tr. at 11; Ex. E). The other officers and directors are Andrew Jahelka and Richard Nichols.[2] (Tr. at 11-12; Ex. E). The shareholders of Scattered are Tejie, Inc., Giddy-up, Inc. and an Illinois investment trust the beneficiaries of which are Greenblatt's father and children. (Tr. at 30). Scattered's mailing address is 330 South Wells Street, Chicago, Illinois. (Ex. D, Sched. F). Andrew Jahelka executed the assignment as president of Loop, and Greenblatt did so as secretary of Scattered. (Ex. C at 2; *see also* Ex. A at 82).

South Beach filed its schedules and statement of financial affairs several days after its April 2005 bankruptcy petition. (Ex. D). The schedules reflected no assets of any kind except HRM stock with a value of "0.00." (Ex. D, Sched. B at 2). (How South Beach ended up with HRM stock, when it was South Beach that had loaned NOLA money to buy HRM stock, was not explained.) The schedules and statement of financial affairs indicated that South Beach had no business operation: according to the latter, South Beach had had "no income for [the] last two

---

of NOLA, L.L.C. and South Beach Securities, Inc. Regarding the Good Faith Filing Requirement at 2 n.2 (Docket Item No. 30).

[2]    Richard Nichols appears to be the son of James Nichols, a member of NOLA. *See* Consol. Mem. of NOLA, L.L.C. and South Beach Securities, Inc. Regarding the Good Faith Filing Requirement at 2 n.4 (Docket Item No. 30).

years."[8/] (Ex. D, Stmt. of Fin. Affairs at 1). The schedules disclosed a single creditor, Scattered, with an unsecured claim of $3,297,489. (Ex. D, Sched. F). The petition and schedules were signed by Greenblatt as "Authorized Agent." (Ex. D, Pet. at 2, Decl. concerning Debtor's Scheds., Stmt. of Fin. Affairs at 7).

In September and October 2006 (following remand from the district court), South Beach filed its proposed disclosure statement and plan of reorganization. (Docket Items Nos. 83, 89). The plan establishes two classes of creditors. Class 1, "General Unsecured Claims," has one member: Scattered. (Plan at 13). Class 2, "Holders of Interests," identifies no members (id.), but the plan defines "interest" as the right of a holder of an "equity interest" (id. at 8), which in turn is defined as stock of the debtor (id. at 7). Class 2 therefore has one member: NOLA. The plan says that both classes are impaired for purposes of section 1124. (Id. at 13, 24).

Under the plan, the interests of Class 2 creditors will be cancelled on the effective date. (Id.). South Beach will then issue 1,000 shares of common stock, dubbed "new stock" (id. at 8, 14), and Class 1 creditors will receive 1,000 shares of "new stock" in South Beach in satisfaction of their claims (id. at 13, 15). South Beach will receive a discharge. (Id. at 23). Put simply, in exchange for relinquishing its large but worthless claim against South Beach, Scattered will become the new owner of South Beach, replacing NOLA.

The disclosure statement explains the motivation behind the plan. It notes that South Beach's sole asset of any value consists of "net operating loss carryovers" in an unspecified amount. (Discl. Stmt. at 1). South Beach's sole creditor, in turn, is Scattered, with its claim of

---

[8/]    South Beach's monthly operating reports for May 31, 2005, to May 31, 2006, the only operating reports filed in the case, show no money in any accounts and no receipts from operations or otherwise. (Docket Items Nos. 63-75). Each monthly operating report was signed by Greenblatt. (Id.; see also Tr. at 45-46).

$3,297,489. (*Id.* at 2). South Beach, however, is "not an operating business." (*Id.* at 7).
Therefore, the plan explains, "the only way to monetize the sole valuable asset of the Debtor –
the NOLs – is . . . for the Debtor to cancel its current stock, issue New Stock and allow its post-
confirmation equity to utilize the tax benefits of the NOLs." (*Id.* at 7-8). (The plan goes on to
describe the "complex" questions that could arise under section 382 of the Internal Revenue
Code, 26 U.S.C. § 382 (Discl. Stmt. at 29-37), but those questions are not relevant here.)

Greenblatt detailed at the hearing how the NOLs would be "monetized" (as the disclosure
statement put it), testifying that after confirmation of the plan South Beach would use the NOLs
to "offset its income." (Tr. at 21-22). With no business operation of its own, however, South
Beach would have no business income to offset.[2/] The income would consist instead of a capital
contribution from South Beach's new owner, Scattered. (Tr. at 63-64). Asked how much would
be contributed, Greenblatt said it would be "enough capital to use up the NOL." (*Id.* at 64).

In his testimony, Greenblatt also elaborated somewhat on the purpose of the South Beach
plan. He denied that the plan's purpose was to "avoid taxes." (Tr. at 9). The purpose, he said,
was "to avoid litigation." (*Id.*; *see also id.* at 19). The litigation was "litigation with creditors of
the parent" (*id.* at 9) -- meaning, apparently, the pre-confirmation parent, NOLA, not the post-
confirmation parent, Scattered (*id.* at 21, 23). Greenblatt identified the litigation as litigation

---

[2/]    Although the disclosure statement says that after the plan's effective date the
"[r]eorganized [d]ebtor shall administer its business and property" (Discl. Stmt. at 15), it does
not appear that South Beach will have any business to administer. Questioned several times on
this point, Greenblatt gave vague, inconsistent, and mostly unbelievable answers. He first said
that post-confirmation South Beach intended merely "to maximize the value of its assets for its
stakeholders," meaning its NOLs. (Ex. A at 32). He later said that post-confirmation South
Beach would conduct "the same financial business that it was in previously," which he described
as a "merchant bank." (Tr. at 64-65). More credible than either of these assertions was
Greenblatt's admission that as president of Teletech he was simply "winding up Teletech,
NOLA, and South Beach." (Ex. A at 46).

"with Wachovia, with Prudential Securities, with the MJK Trustee," said it was "real litigation," but gave no specifics.[10/] (*Id.* at 23-24). There was no evidence or explanation how South Beach, defunct for years, could now end up embroiled in litigation with creditors of NOLA.

Greenblatt participated in the formulation of the South Beach plan (Ex. A at 64-65), and, according to Greenblatt, Scattered proposed the plan jointly with South Beach (*id.* at 83). South Beach also recently prepared its federal income tax returns for 2001-2005. (Tr. at 52, 56). Each return listed the preparer as "Scattered Corporation." (Ex. H). Greenblatt testified that Scattered prepared the five tax returns "for the purposes [*sic*] of confirming the plan." (Tr. at 56).

Scattered submitted a ballot in which it voted to accept the plan. (Docket Item No. 100). No other ballots were submitted. (*See* Ballot Report, Docket Item No. 102).

### 4. Conclusions of Law

For a chapter 11 plan to be confirmed, the plan must meet each requirement of section 1129(a) of the Code, 11 U.S.C. § 1129(a).[11/] *In re Rusty Jones, Inc.,* 110 B.R. 362, 373 (Bankr. N.D. Ill. 1990). The proponent of the plan has the burden of proving by a preponderance of the evidence the plan's compliance with these requirements. *Id.*; *see also In re Repurchase Corp.,* 332 B.R. 336, 342 (Bankr. N.D. Ill. 2005).

---

[10/]     This court can take judicial notice, *see General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081-82 (7th Cir. 1997), that the bankruptcy trustee of MJK Clearing, Inc., has an action pending in this district against NOLA, Greenblatt, and some others. *See Stephenson v. Greenblatt, et al.,* No. 04 C 6709 (N.D. Ill.). Wachovia Securities likewise has an action pending against Scattered, Greenblatt, and some others. *See Wachovia Securities, LLC v. Neuhauser, et al.,* No. 04 C 3082 (N.D. Ill.). South Beach is not a defendant in either action.

[11/]     The one exception is the requirement of section 1129(a)(8) that all impaired classes accept the plan. A plan that satisfies every part of section 1129(a) except section 1129(a)(8) may nevertheless be confirmed if the plan satisfies the "cram down" requirements of section 1129(b). *See In re Rusty Jones, Inc.,* 110 B.R. 362, 373 (Bankr. N.D. Ill. 1990).

In this case, the U.S. trustee contends that the South Beach plan fails to comply with section 1129(a)(10), under which at least one class of impaired claims must accept the plan, not counting acceptance by insiders. South Beach had the burden of proving compliance with that section. *In re Locke Mill Partners*, 178 B.R. 697, 700 (Bankr. M.D.N.C. 1995). The U.S. trustee also contends that confirmation of the South Beach plan would violate section 1129(d), which prohibits confirmation of a plan if its principal purpose is the avoidance of taxes. The U.S. trustee had the burden of proving a violation of that section. 11 U.S.C. § 1129(d).

Because South Beach failed to prove that one impaired, non-insider class has accepted the plan, and because the U.S. trustee succeeded in proving that the principal purpose of the plan is the avoidance of taxes, confirmation of the plan must be denied.

### a.  Section 1129(a)(10)

When a class of claims is impaired under a plan, section 1129(a)(10) makes it a condition of confirmation that at least one impaired class accept the plan – "determined without including any acceptance of the plan by an insider." 11 U.S.C. § 1129(a)(10). The South Beach plan has one class of claims, and that class is impaired. Moreover, the only creditor in the class is Scattered. Scattered's vote, then, has to count before section 1129(a)(10) can be satisfied. To make Scattered's vote count, South Beach had to prove that Scattered is not an "insider." *Locke Mill Partners*, 178 B.R. at 700; *In re Anderson Oaks (Phase I), L.P.*, 77 B.R. 108, 111 (Bankr. W.D. Tex. 1987).

### i.  Law of the Case

Before considering South Beach's efforts to meet its burden of proof, it is necessary to determine whether the district court's decision is the "law of the case" on the insider question

-10-

and dictates the outcome. South Beach maintains that the district court's discussion of "insiders," a discussion that included a citation to section 1129(a)(10), binds this court and requires it to overrule the U.S. trustee's objection. The U.S. trustee disagrees, arguing that the district court's decision concerned a different issue and said nothing that would compel the outcome on confirmation.

The U.S. trustee has the better of the argument. The "law of the case" doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988). The "most elementary application" of the doctrine occurs when a court of appeals reverses a final judgment and remands the case to the district court. *Creek v. Village of Westhaven,* 144 F.3d 441, 445 (7th Cir. 1998) (internal quotation omitted). On remand, "the district court is required to comply with the express or implied rulings of the appellate court." *Id.* (internal quotation omitted). The same is true for the bankruptcy court on remand from the district court. *See, e.g., United States v. Statistical Tabulating Corp. (In re Statistical Tabulating Corp.),* No. 97 C 415, 1998 WL 990580, at *3 (N.D. Ill. Dec. 21, 1998).

The law of the case doctrine only applies, however, when the reviewing court actually decides an issue. *Universal Guar. Life Ins. Co. v. Coughlin,* 481 F.3d 458, 462 (7th Cir. 2007). On issues that have not been decided, the lower court is not bound. *Creek,* 144 F.3d at 445. Nor is the lower court bound by dicta in the decision: "observations or commentary touching upon issues not formally before the reviewing court." *Id.; see e.g., Ienco v. Angarone,* 429 F.3d 680, 684 (7th Cir. 2005) (finding the "law of the case" doctrine inapplicable to an observation in an earlier court of appeals' opinion on an issue "never litigated" before that court or the district court); *see also Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir. 1998) (explaining the distinction).

-11-

The district court's decision here is not the law of the case on plan confirmation. The precise question before that court was whether the South Beach bankruptcy case had been properly dismissed under section 1112(b) as a "bad faith" filing because South Beach appeared to be using the case to "preserve its sole asset . . . for the benefit of an 'insider creditor.'" *South Beach,* 341 B.R. at 857. The district court answered that question in the negative, finding no "blanket prohibition on insider creditors collecting on their debts as part of a bankruptcy proceeding – or at least the United States Trustee has cited no such case." *Id.* A bankruptcy court cannot dismiss a case, the district court said, "based just on the fact that the debtor's only creditor is an insider." *Id.* at 858. Some "further finding of bad faith (or some other appropriate basis for dismissal)" is necessary. *Id.*

The propriety of the dismissal was the only issue the district court faced and the only one it "actually decide[d]." *Coughlin,* 481 F.3d at 462. The district court did not decide (because it had no occasion to decide) whether South Beach's plan could be confirmed under section 1129(a). Although, as South Beach notes, the district court cited section 1129(a)(10) in its decision, *see South Beach,* 341 B.R. at 857, it did so only as an example of a Code provision that (the district court said) "prevents insiders from using their privileged position to disadvantage non-insider creditors."[12] *Id.* At no point did the district court hold or even imply that South Beach's plan – which was not filed until five months after the case had been remanded –

___

[12]    Although section 1129(a)(10) plainly has this effect, it is important to note that nothing in that section suggests it applies *only* when a debtor has both insider and non-insider creditors, and the district court never said it does. The sole precondition for the application of section 1129(a)(10) is that "a class of claims is impaired under the plan." 11 U.S.C. § 1129(a)(10). As one bankruptcy court recently remarked: "The requirement imposed by section 1129(a)(10) is simple and straightforward. A plan that has one or more impaired classes cannot be confirmed unless at least one of the impaired classes accepts the plan." *In re Smith,* 357 B.R. 60, 69 (Bankr. M.D.N.C. 2006).

-12-

complied with section 1129(a)(10). The citation of that section as support for a broad observation about bankruptcy policy was not an "integral element[ ] of the analysis," *Wilder*, 153 F.3d at 803, but was dicta.

Because the district court never suggested, let alone held, that a plan can be confirmed in a chapter 11 case where the debtor's only creditor is an insider holding an impaired claim, the district court's decision is not the law of the case on that point and does not foreclose the U.S. trustee's section 1129(a)(10) objection.

### ii. Insider

South Beach failed to meet its burden of proving that Scattered is not its insider. On the contrary, the few facts adduced at the confirmation hearing tended to establish Scattered's insider status. The plan therefore does not meet the requirements of section 1129(a)(10).

The term "insider" is defined in section 101(31) of the Code. 11 U.S.C. § 101(31). Because South Beach is a corporation, the term "includes" a (i) director of the debtor, (ii) officer of the debtor, (iii) person in control of the debtor, (iv) partnership in which the debtor is a general partner, (v) general partner of the debtor, or (vi) relative of a general partner, director, officer, or person in control of the debtor. 11 U.S.C. § 101(31)(B)(i)-(vi). Most of these possibilities are easily ruled out here. Scattered, a corporation itself, is not a director or officer of South Beach, is not a partner of South Beach, and is not a partnership. Corporations also do not have "relatives." Under section 101(41), however, a "person" includes a corporation, 11 U.S.C. § 101(41), and so a corporation can be a "person in control of the debtor" and an insider under section 101(31). The question here, then, is whether Scattered is "in control" of South Beach.

"Control" under section 101(31)(B)(iii) "has no fixed definition" and "is often defined by

-13-

example and by an examination of the facts." *UVAS Farming Corp. v. Laviana Inves., N.V. (In re UVAS Farming Corp.),* 89 B.R. 889, 892 (Bankr. D.N.M. 1988). Courts have focused on "operating control," *Badger Freightways, Inc. v. Continental Ill. Nat'l Bank & Trust Co. of Ill. (In re Badger Freightways, Inc.),* 106 B.R. 971, 982 (Bankr. N.D. Ill. 1989), rather than "financial influence," *Johnson v. NBD Park Ridge Bank (In re Octagon Roofing),* 124 B.R. 522, 530 (Bankr. N.D. Ill. 1991). To be an insider of the debtor, a person need not have "legal or absolute" control of the debtor, *K & R Mining, Inc. v. Keffler Constr. Co. (In re K & R Mining, Inc.),* 103 B.R. 136, 139 (Bankr. N.D. Ohio 1988), but "must exercise sufficient authority" to "dictate corporate policy and the disposition of corporate assets," *Badger Freightways,* 106 B.R. at 982 (internal quotation omitted). "Actual management of a debtor is control." *CPY Co. v. Ameriscribe Corp. (In re Chas. P. Young Co.),* 145 B.R. 131, 136 (Bankr. S.D.N.Y. 1992).

The evidence did not demonstrate Scattered's lack of control over South Beach. All South Beach offered by way of evidence was Greenblatt's bald denial of control (Tr. at 16), and that denial, in the context of the rest of his testimony, was unworthy of belief. The remaining evidence, meanwhile, tended to show that Scattered does control South Beach. Scattered and South Beach have the same 330 South Wells Street, Chicago address. (Tr. at 8; Ex. D, Sched. F). Greenblatt is an officer and director of Scattered (Tr. at 11, 46; Ex. E) and is also the sole officer and employee of the manager of South Beach's parent, NOLA (Tr. at 9, 32). Greenblatt has acted for South Beach as its "authorized person," signing the loan agreement with Loop (Ex. B at 5; Tr. at 34), and has also acted for Scattered, signing the loan assignment from Loop (Ex. C at 2; Ex. A at 82).

In South Beach's bankruptcy, particularly, Scattered appears to have orchestrated events through its officer, Greenblatt. Although Greenblatt has no formal position with South Beach,

-14-

he signed its petition and schedules (Ex. D), as well as each of South Beach's monthly operating reports (Docket Items Nos. 63-75). Greenblatt was the sole witness who testified for South Beach at the confirmation hearing; the company's only officer – a mere placeholder (Ex. A at 38) – did not appear, and at the Rule 2004 examination Greenblatt professed not even to know where he lives (*id.* at 35). Greenblatt helped formulate the South Beach plan (*id.* at 64-65), Scattered and South Beach together proposed the plan (*id.* at 83), and Scattered prepared South Beach's tax returns to ensure the plan could be confirmed (Ex. H; Tr. at 56).

Whether these facts affirmatively demonstrated Scattered's control of South Beach might be arguable. The reported cases typically discuss "control" of debtors that are (or recently were) operating businesses and going concerns, not defunct corporate shells. *See, e.g., Badger Freightways,* 106 B.R. at 972-73. It is hard to show a creditor's "stranglehold" on the management of a debtor, as some courts require, *see, e.g., CPY Co.,* 145 B.R. at 136, when the debtor is long dead. Here, however, the question arises under section 1129(a)(10), and so it makes no difference whether the facts showed Scattered *does* control South Beach. What matters is that South Beach did not prove it *does not. See Locke Mill Partners,* 178 B.R. at 700.

Even if the evidence had shown that Scattered is not a "person in control of the debtor" under section 101(31)(B)(iii), it would not end the inquiry. Because section 101(31) prefaces the list of entities identified as insiders with the word "includes," the list is "intended to be illustrative rather than exhaustive." *In re Krehl,* 86 F.3d 737, 741 (7th Cir. 1996); *see also Carl Zeiss Meditec AG v. Anstine (In re U.S. Medical, Inc.),* 370 B.R. 340, 343 (B.A.P. 10th Cir. 2007). The legislative history suggests that the term "insider" may also be "anyone with 'a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor.'" *Krehl,* 86 F.3d at 741 (quoting S. Rep. No.

95-989, at 25 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5810).

In determining non-statutory insider status,[13] courts consider two criteria. The first is the closeness of the relationship between the debtor and alleged insider. *Krehl,* 86 F.3d at 742. The relationship must be "close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties." *Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman),* 126 B.R. 63, 70 (B.A.P. 9th Cir. 1991). The alleged insider's degree of control over the debtor, though relevant, is not dispositive. *Three Flint Hill L.P. v. Prudential Ins. Co. (In re Three Flint Hill L.P.),* 213 B.R. 292, 299 (D. Md. 1997); *see also Krehl,* 86 F.3d at 743. The second concerns whether any transactions between the debtor and alleged insider were conducted at arm's length. *Krehl,* 86 F.3d at 742. An arm's-length transaction "'is one entered into in good faith in the ordinary course of business by unrelated parties with independent interests.'" *Three Flint Hill,* 213 B.R. at 300 (quoting *In re Valley Steel Corp.,* 182 B.R. 728, 735 (Bankr. W.D. Va. 1995)).

South Beach offered no evidence showing that Scattered is not a non-statutory insider of South Beach – indeed, South Beach has not even argued the point. As with the statutory insider question, all the evidence instead suggested that Scattered is indeed South Beach's insider. First, Scattered and South Beach have a close relationship. Both companies share the same address. (Tr. at 8; Ex. D, Sched. F). Both companies also share Leon Greenblatt. As the sole employee and officer of the limited liability company that manages South Beach's parent (Tr. at 32), Greenblatt directs the affairs of South Beach, executing its bankruptcy petition and schedules

---

[13]    Courts often refer to entities specifically listed in section 101(31) as "statutory insiders" and entities meeting the more expansive description in the legislative history as "non-statutory insiders." *See, e.g., Official Comm. of Unsecured Creditors v. Caroman Fin. Account, Inc. (In re Controlled Power Corp. of Ohio),* 351 B.R. 470, 475-77  (Bankr. N.D. Ohio 2006); *Hirsch v. Tarricone (In re A. Tarricone, Inc.),* 286 B.R. 256, 262 (Bankr. S.D.N.Y. 2002).

(Ex. D), filing its monthly operating reports (Docket Items Nos. 63-75), and signing the loan agreement with Loop (Ex. B). At the same time, however, Greenblatt is an officer and director of Scattered (Tr. at 11, 46; Ex. E) and acts for Scattered, executing the loan assignment with Loop on Scattered's behalf (Ex. A at 82; Ex. C at 2). The relationship is close enough to justify an insider finding.

Second, no evidence was adduced showing arm's length transactions between Scattered and South Beach. The only transactions the record discloses are the loan from Loop to South Beach later assigned to Scattered, and the subsequent loan from South Beach to NOLA. But none of these were remotely arm's length. The transactions could not have been undertaken as part of the "ordinary course of business," *Three Flint Hill*, 213 B.R. at 300, because South Beach and NOLA are shell corporations with no business. The point of these machinations, moreover, was to enable NOLA to buy HRM stock.[14] As for the companies involved, they were hardly "unrelated parties with independent interests." *Id.* On the contrary, Scattered, South Beach, and NOLA all have the same address, Scattered and Loop have at least one common officer, and Scattered, South Beach and NOLA (through Teletech) all share Greenblatt.

Rather than argue the insider question on its facts, South Beach contends that section 1129(a)(10) should be interpreted not to apply if an impaired class of insiders has accepted the plan and there are no other creditors. In such a case, South Beach says, it serves no purpose to deny confirmation.

---

[14]    The funds Loop lent South Beach appear to have been the same funds South Beach then lent NOLA. Greenblatt neither confirmed nor denied it, saying only that to conclude the two loans consisted of the same funds would be "going too far." (Tr. at 36). But the amount of the claim South Beach had against NOLA and later waived, and the amount of Scattered's claim in the South Beach bankruptcy, are the same: $3,297,489. (*Compare* Ex. D, Sched. F *with* Consol. Mem. of NOLA, L.L.C. and South Beach Securities, Inc. Regarding the Good Faith Filing Requirement at 2 n.2 (Docket Item No. 30)).

But there is no occasion to interpret section 1129(a)(10) here.  A statute needs interpretation only when it is ambiguous; otherwise, its plain language governs.  *United States ex rel. Fowler v. Caremark RX, L.L.C.,* 496 F.3d 730, 738 (7th Cir. 2007).  Section 1129(a)(10) is clear on its face and plainly applies whenever "a class of claims is impaired under the plan."  11 U.S.C. § 1129(a)(10).  In that circumstance, the statute prohibits confirmation unless "at least one class of claims that is impaired under the plan has accepted the plan," a determination expressly to be made "without including any acceptance of the plan by any insider."  *Id.*  South Beach cites no decision holding section 1129(a)(10) ambiguous and fails to explain how this straightforward provision could be subject to more than one reasonable interpretation, let alone how it could be read not to apply when all creditors in a case are insiders.

Conceding the provision's clarity, South Beach next suggests that this is one of the "'rare cases'" when "'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  (South Beach Amended Surreply at 7-8) (quoting *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242 (1989) (internal quotation omitted)).  But there is "little legislative history available on the purpose of § 1129(a)(10)," *Life Ins. Co. of Va. v. Barakat (In re Barakat),* 173 B.R. 672, 681 (Bankr. C.D. Cal. 1994), and South Beach cites none, relying instead on judicial assertions that the provision is meant to prevent confirmation when "support by affected creditors . . . is lacking," *see, e.g., Windsor on the River Assocs., Ltd. v. Balcor Real Estate Fin., Inc. (In re Windsor on the River Assocs., Ltd.),* 7 F.3d 127, 131 (8th Cir. 1993) (internal quotation omitted).  South Beach notes there is no lack of creditor support for its plan.

True enough.  But courts have also said that section 1129(a)(10) guards against "collusive approval of plans by persons whose dealings with the debtor are at less than arm's

-18-

length." *Three Flint Hill,* 213 B.R. at 299 (internal quotation omitted). Discounting plan

acceptances from insiders certainly serves this purpose. Statements in judicial opinions are in

any event not expressions of the "intentions of the drafters," *Ron Pair,* 489 U.S. at 242, that

might warrant the kind of departure from the text of section 1129(a)(10) South Beach advocates.

With no claim of facial ambiguity and no legislative history supporting South Beach's argument,

"the plain language is the most reliable indicator of congressional intent." *Baker v. Runyon,* 114

F.3d 668, 670 (7th Cir. 1997) (internal quotation omitted). The plain language of section

1129(a)(10) does not exempt cases where all creditors are insiders.

South Beach also makes a veiled attack on the U.S. trustee's standing to raise section

1129(a)(10) in this case. Because the only creditor is happy with the plan, South Beach contends

the U.S. trustee has no legitimate interest in opposing confirmation. "[T]he UST," South Beach

says, "rushes forward to protect no one" and is simply waging "war against Mr. Greenblatt."

(South Beach Amended Surreply at 2).

South Beach is mistaken. The U.S. trustee is charged generally with supervising the

administration of chapter 11 cases and is entitled "whenever [he] considers it to be appropriate"

to submit "comments with respect to . . . plans and disclosure statements." 28 U.S.C. §

586(a)(3)(B). Section 307 of the Code expressly grants the U.S. trustee party status in all

bankruptcy cases, stating that he "may raise and may appear and be heard on any issue." 11

U.S.C. § 307. Far from serving as the protector of specific parties, the U.S. trustee is the

"watchdog that guards the public interest." *Clippard v. LWD, Inc. (In re LWD, Inc.),* 342 B.R.

514, 518 (Bankr. W.D. Ky. 2006). He "protect[s] the integrity of the system." *In re Nieves,* 246

B.R. 866, 871 (Bankr. E.D. Wis. 2000). This becomes more important, not less, in cases like this

where the relationship between a debtor and its creditors is not adversarial. *In re Pillowtex, Inc.,*

-19-

304 F.3d 246, 254 (3rd Cir. 2002).

The U.S. trustee had every right to object to confirmation of South Beach's plan on the ground that the plan did not comply with section 1129(a)(10). To overcome the objection, South Beach had the burden of proving that an impaired class of claims accepted the plan. South Beach failed to meet that burden. Confirmation will therefore be denied.

### b. Section 1129(d)

Section 1129(d), the other basis on which the U.S. trustee has objected to confirmation of the South Beach plan, prohibits confirmation of a chapter 11 plan if its principal purpose is the avoidance of taxes. 11 U.S.C. § 1129(d). Although South Beach had the burden of proof under section 1129(a)(10), it was the U.S. trustee's burden to prove its tax avoidance objection. *Id.* Unlike South Beach, however, the U.S. trustee met his burden. Section 1129(d) therefore furnishes an additional ground for denying confirmation.

### i. Standing

Here, too, a preliminary issue must be addressed before reaching the merits of the U.S. trustee's objection. Citing *In re Trans Max Techs., Inc.,* 349 B.R. 80 (Bankr. D. Nev. 2006), South Beach argues that the objection should be overruled because the U.S. trustee has no standing to raise it in the first place.

At first blush, South Beach seems to have a point. The tax avoidance bar to confirmation in section 1129(d) is not self-executing. The court can deny confirmation on that ground only "on request," and section 1129(d) requires the request to come from "a party in interest that is a governmental unit." 11 U.S.C. § 1129(d). Section 101(27), in turn, defines "governmental unit" to mean, among other things, an "instrumentality of the United States (but not a United States

-20-

trustee while serving as a trustee in a case under this title)." 11 U.S.C. § 101(27). Because the definition excludes "a United States trustee," South Beach argues, a U.S. trustee is precluded from raising a section 1129(d) objection to confirmation – not just in this case but in any case.

The problem with the argument is the qualification in the statute. Section 101(27) only excepts a U.S. trustee from the definition of "governmental unit" when he is "serving as a trustee in a case under this title." That phrase has a technical meaning, one more limited than first appears. Section 586(a) of title 28 spells out the duties of a U.S. trustee. 28 U.S.C. § 586(a). One of those duties, though by no means the only one, is to "serve as and perform the duties of a trustee in a case under title 11 when required under title 11." 28 U.S.C. § 586(a)(2). In other words, a U.S. trustee may be required in a case to serve as trustee of the *bankruptcy estate*, or what is sometimes called the "case trustee," *see, e.g., In re Tyrone F. Conner Corp.*, 140 B.R. 771, 779 (Bankr. E.D. Cal. 1992), and the Code authorizes him to do so, *see* 11 U.S.C. § 321(c); *see also* 11 U.S.C. § 321(b)(1). When he serves in that capacity, the U.S. trustee does not act as an officer of the United States. *In re Pomaville,* 183 B.R. 187, 188 (Bankr. D. Minn. 1995). When he serves in other capacities, though, he does.

In this chapter 11 case, there is no case trustee. South Beach is a "debtor in possession" as defined in section 1101(1) of the Code. 11 U.S.C. § 1101(1). In supervising the administration of the case, monitoring the plan and disclosure statement, and submitting comments on the plan and disclosure statement, the U.S. trustee is therefore performing his administrative duties under section 586(a)(3), not the duties of "a trustee in a case under title 11" under section 586(a)(2). As a consequence, the U.S. trustee in this case is not "serving as a trustee in a case under this title" for purposes of section 101(27), he is a "governmental unit" under that section, and so he has standing under section 1129(d).

The court in *Trans Max* reached a different conclusion, *see Trans Max,* 349 B.R. at 91, as South Beach notes. It did so, though, only because the Ninth Circuit's decision in *Balser v. Dep't of Justice,* 327 F.3d 903, 908 (9th Cir. 2003), required it to. In *Balser,* the court of appeals ruled that given the definition of "governmental unit" in section 101(27), the U.S. trustee could not be a "governmental unit" for purposes of the waiver of sovereign immunity in section 106(a), 11 U.S.C. § 106(a). *Balser,* 327 F.3d at 908. About this reasoning the *Trans Max* court pointedly observed: "*Balser* read the exclusionary parenthetical in Section 101(27) . . . as applying to the United States trustee not when acting as a trustee in a case, but in its administrative capacity. Thus, the reasoning for the court's ruling seems suspect." *Trans Max,* 349 B.R. at 91 n.12. Apart from its bare holding, then, *Trans Max* provides no support for South Beach's position. *Balser,* which compelled that holding, is not persuasive.

Because the U.S. trustee is acting in his "administrative capacity" here, *Trans Max,* 349 B.R. at 91 n.12, and is not "serving as a trustee in a case," 11 U.S.C. § 101(27), he is a "governmental unit" with standing to object to confirmation under section 1129(d).

### ii. Avoidance of Taxes

The U.S. trustee demonstrated by a preponderance of the evidence that the principal purpose of the South Beach plan is the avoidance of taxes. The plan's principal purpose is to put Scattered in a position to inject money into South Beach, enabling South Beach to use the NOLs to obtain a tax deduction.[15]

---

[15]    Nothing in this opinion is meant to suggest that the transaction proposed in the South Beach plan would be a means of using the NOLs permissible under federal tax law. The question for a bankruptcy court faced with a section 1129(d) objection is whether the "principal purpose" of the plan is the avoidance of taxes, 11 U.S.C. § 1129(d), not whether taxes can actually be avoided if the plan is confirmed.

Section 1129(d) prohibits confirmation of a plan "if the principal purpose of the plan is the avoidance of taxes." 11 U.S.C. § 1129(d). This is a "limited prohibition" with a "narrow scope." 7 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1129.08 at 1129-195, 1129-196 (15th ed. rev. 2007). Tax avoidance must be "*the* principal purpose of the plan, not merely *a* principal purpose." *In re Rath Packing Co.*, 55 B.R. 528, 536 (Bankr. N.D. Iowa 1985) (emphasis in original) (overruling objection where debtor's publicly held status was as important to acquiring company as net operating losses). A debtor is entitled to "take advantage of tax incidents of the estate" as long as tax avoidance is not the principal purpose. 7 Alan N. Resnick & Henry J. Sommer, *supra*, ¶ 1129.08 at 1129-196. Where tax avoidance is the plan's principal purpose, however, confirmation will be denied. *Cf. In re Maxim Indus., Inc.*, 22 B.R. 611, 612-13 (Bankr. D. Mass. 1982) (denying confirmation for lack of good faith where "the only purposes presented" for the transaction proposed in the plan "were tax motivations").

The principal purpose – indeed, the only purpose – of the South Beach plan is tax avoidance. Like the debtor in *Maxim*, South Beach has "no business, no employees[,] and no assets" – except its NOLs. *Maxim*, 22 B.R. at 611. Therefore, there is nothing here to reorganize, no business to resuscitate, no going concern to keep going. The whole point of the South Beach bankruptcy and the proposed plan is to make use of South Beach's NOLs. The disclosure statement makes no bones about this, stating forthrightly that the goal of canceling NOLA's stock and issuing new stock to Scattered is "to monetize the sole valuable asset of the Debtor – the NOLs." (Discl. Stmt. at 7).

If the NOLs have value, though, it is only as a tax deduction. Section 172 of the Internal Revenue Code permits a corporation's net operating losses incurred in one year to be carried forward or back to other tax years and deducted in those years. 26 U.S.C. § 172. The idea is to

-23-

permit a form of income averaging, allowing the taxpayer "to set off its lean years against its lush years." *United States v. Foster Lumber Co.*, 429 U.S. 30, 42 (1976) (internal quotation omitted). By setting off NOLs against past or future income, the taxpayer can "reduce its past or future tax liabilities." *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998); *see also Textron, Inc. v. United States*, 418 F. Supp. 39, 46 (D.R.I. 1976) (noting that an NOL carryover is "simply a tax deduction"); *Salsberg v. Trico Marine Servs., Inc. (In re Trico Marine Servs., Inc.)*, 343 B.R. 68, 72 (Bankr. S.D.N.Y. 2006).

Because the sole purpose of the South Beach plan is to enable South Beach to use the NOLs to take a tax deduction, the sole purpose of the plan is the avoidance of taxes.[16] *See* Terrence L. Shen, Note, *Tax Consequences for a Tax-Driven Plan of Reorganization under Section 1129(d) of the Bankruptcy Code and Section 269 of the Internal Revenue Code*, 1994 Colum. Bus. L. Rev. 267, 279 (1994) (stating that if the purpose of a bankruptcy is "the preservation of the use of NOLs, the 'primary purpose' test of Section 1129(d) would not be satisfied"); *cf. Maxim*, 22 B.R. at 611-13 (denying confirmation where a debtor with "no business to reorganize" and "no assets except a potential tax loss" proposed to acquire a solvent

---

[16]    The mechanics of the plan make this plain. The South Beach NOLs are currently useless; with no past income and no prospect of income in the future, South Beach can reap no benefit from them. *See Textron*, 418 F. Supp. at 47 (noting that NOLs are worthless unless the taxpayer has income to offset). To reap some benefit, South Beach must find another source of income, income against which the NOLs can be offset, and Scattered will be that source. The plan thus proposes to substitute Scattered as the owner of South Beach (since the current owner, NOLA, likewise has no business or income). Once substituted, Scattered will make a payment to South Beach – a "capital contribution," Greenblatt euphemistically called it – sufficient for South Beach to offset the NOLs. (Tr. at 63-64). Presumably, South Beach will then report the payment as income and attempt to use the NOLs to avoid taxes on it. This is not the first time an entity connected with Greenblatt has proposed a chapter 11 plan of this kind. *See, e.g., In re Repurchase Corp.*, 332 B.R. 336 (Bankr. N.D. Ill. 2005) (refusing to amend order denying confirmation of plan designed to "monetize" debtor's NOLs and dismissing case).

-24-

company solely as a way to take advantage of the tax loss).

At the confirmation hearing, South Beach asserted for the first time that the purpose of its plan was not to avoid taxes, as the disclosure statement indicates, but rather to "avoid litigation." The litigation to be avoided is apparently not potential litigation against South Beach but pending litigation against NOLA.

Putting aside the many questions this vague assertion raises,[17] it makes no difference under section 1129(d) whether the assertion is true. It may well be that South Beach intends to use the monies shielded from taxation under the plan to litigate or settle the actions against NOLA and Scattered. The purpose of the South Beach *plan* remains to avoid taxes on those monies, making them available for that use. A debtor proposing a chapter 11 plan designed principally to avoid taxes cannot evade the prohibition of section 1129(d) by claiming the plan's purpose is really the ultimate use to which the untaxed money will be put. Money that goes untaxed is always money than can be used for something other than paying taxes. If South Beach's "ultimate use" argument were correct, section 1129(d) would be read out of the Code.

South Beach also makes much of the IRS's failure to object to confirmation in this case under section 1129(d), an objection the IRS has sometimes raised in other cases. *See, e.g., In re Scott Cable Commc'ns, Inc.*, 227 B.R. 596, 603-04 (Bankr. D. Conn. 1998) (sustaining IRS objection and denying confirmation). This is especially significant here, South Beach insists, because the IRS was served with the plan and disclosure statement after the confirmation hearing at the court's insistence. (*See* Docket Item No. 115). South Beach concludes that the subsequent

---

[17]    Among them, what it means to "avoid" pending rather than potential litigation; how NOLA proposes to "avoid" litigation using South Beach's money; and what reason Scattered could possibly have to assist South Beach or NOLA financially when both companies are defunct and judgment-proof -- unless Scattered is an insider of South Beach, NOLA, or both.

silence means the IRS has decided the plan's principal purpose is not to avoid taxes.

No such conclusion can be drawn. In its regulations, the IRS expressly takes the position that in considering whether under section 269 of the Internal Revenue Code a corporate acquisition pursuant to a chapter 11 plan has as its principal purpose the evasion or avoidance of federal income tax, "any determination by a court under 11 U.S.C. [§] 1129(d) that the principal purpose of the plan is not avoidance of taxes is not controlling." 26 C.F.R. § 1.269-3(e) (2006). It seems doubtful that the IRS has "the authority to determine the effect of an order of a court." *Allis-Chalmers Corp. v. Goldberg (In re Hartman Material Handling Sys., Inc.),* 141 B.R. 802, 808 (Bankr. S.D.N.Y. 1992); *see also* 7 Alan N. Resnick & Henry J. Sommer, *supra,* ¶ 1129.08 at 1129-197 (terming the IRS's view "surprising"). Nonetheless, the IRS evidently believes it need not assert section 1129(d) objections in chapter 11 cases but can wait and proceed under section 269 once taxpayers file returns. South Beach, then, can take no solace from the IRS's failure to object here.

In sum, the U.S. trustee had standing to object to confirmation of the South Beach plan under section 1129(d) and met its burden of proving that the plan's principal purpose is the avoidance of taxes. Confirmation will be denied on this ground, as well.

### 5. Conclusion

Confirmation of the plan of debtor South Beach Securities, Inc. is denied. A separate order will be entered in accordance with this opinion.

Dated: November 1, 2007

                                   /s/
                        _____
                              A. Benjamin Goldgar
                              United States Bankruptcy Judge

-26-

05-16679;134.1;Dismiss Case:Proposed Order Entered: 11/5/2007 3:55:32 PM by:Cameron Gulden **Page 1 of 1**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SOUTH BEACH SECURITIES, INC. | ) | CASE NO. 05 B 16679 |
| | ) | |
| DEBTOR. | ) | JUDGE A. BENJAMIN GOLDGAR |

### ORDER DISMISSING CHAPTER 11 CASE

This case is before the court on the United States Trustee's motion under 11 U.S.C. § 1112(b) to dismiss this Chapter 11 case. After notice and a hearing, the Court orders as follows:

1.     This case is dismissed;

2.     The Debtor shall forthwith pay the United States Trustee the sum of **$500,** that amount being the sum owed pursuant to 28 U.S.C. §1930.

ENTER:

A. BENJAMIN GOLDGAR
UNITED STATES BANKRUPTCY JUDGE

Dated:    **0 2 JAN 2008**

EXHIBIT C

## United States Bankruptcy Court
NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604
Kenneth S. Gardner, Bankruptcy Clerk

| | |
|---|---|
| Date | January 15, 2008 |
| Case Number | 05 B 16679 |
| Case Name | South Beach Securities, Inc |
| Notice of Appeal Filed | January 14, 2008 |
| Notice of Cross Appeal Filed | |

Dear Sir/Madam:

A Notice of Appeal having been filed pursuant to **Bankruptcy Rule 8002,** please be notified that the Record on Appeal will be transmitted to the United States District Court when the record is complete for the purpose of appeal.

**Bankruptcy Rule 8006** requires that, within ten (10) days of the filing of the Notice of Appeal, the Appellant must file the following with the Clerk of the United States Bankruptcy Court:

► A Designation of the Content of the Record on Appeal
► A Statement of the Issues to be presented on Appeal

If the above are not filed within the ten (10) day time period as provided by **Bankruptcy Rule 8006,** the appeal will not be perfected.

Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated. If the party fails to provide the copy of the items designated, the clerk shall prepare the copy at the party's expense.

**Bankruptcy Rule 8006** further states: If the record designated by any party includes a transcript of any proceeding, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and made satisfactory arrangements for payment of its cost.

**Local Rule 414** (B) states: Upon request, parties shall make the exhibits and transcripts or copies thereof available to any other party to copy at its expense to enable that party to designate or prepare the record on appeal.

By Deputy Clerk        Carel Dell Weston

cc: Bankruptcy Judge & Attorneys of Record

RC:185                                                188

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Case No. 05 B 16679** |
| | ) | |
| **SOUTH BEACH SECURITIES, INC., a** | ) | **Hon. A. Benjamin Goldgar** |
| **Mississippi corporation,** | ) | |
| | ) | |
| Debtor. | ) | |

**APPELLANT LEON GREENBLATT'S STATEMENT OF ISSUES TO BE PRESENTED
AND DESIGNATION OF CONTENT OF RECORD ON APPEAL**

Leon Greenblatt, *pro se*, designates the following items of the record which he proposes

to include in the record on appeal of the Orders entered by United States Bankruptcy Judge A.

Benjamin Goldgar in the Chapter 11 case denying confirmation of the Debtor's Plan dated

November 1, 2007 and dismissing the Chapter 11 case.

Statement of Issues

1.      If there were no assets or operations of South Beach to control, then how can

Scattered Corporation be a "person in control of the debtor" under the Bankruptcy Code?

2.      Did the Bankruptcy Court err in its interpretation of 11 U.S.C. § 1129(a)(10),

specifically, its requirement that an impaired non-insider class accept the Plan, where Debtor has

no non-insider creditors?

3.      Did the Bankruptcy Court err in its interpretation of Debtor's Plan as solely for

the purpose of tax avoidance, and therefore in violation of 11 U.S.C. § 1129(d)?

4.      Did the Bankruptcy Court err in stating that it would admit the transcript of Leon

Greenblatt's Bankruptcy Rule 2004 examination into evidence at the confirmation hearing but

not for the purpose of impeaching Leon Greenblatt and then citing his examination testimony to



impeach him in the memorandum opinion denying confirmation of the South Beach plan of reorganization?

Bankruptcy Court's discussion of examination testimony of Mr. Greenblatt:

THE COURT:  All right.  Exhibits B and C are admitted.  Exhibit A is the partial transcript, I believe.

MR. GULDEN:  It should be the whole thing, Judge.

THE COURT:  Is it?

MR. GULDEN:  Yes, Judge.

MR. CLAR:  Your Honor, the only objection I would interpose is that the statutory time period for Mr. Greenblatt to have reviewed the transcript for errors and omissions has not expired yet.  So, therefore, I don't think it is appropriate to admit it just yet.

THE COURT:  When does it expire?

MR. CLAR:  Probably at or around February 4th.  The other thing is that he is available to testify, so I don't even know why we need it.

THE COURT:  Well, I sort of wondered about that as well.  I mean, I don't know, I have seen this done before actually.  It may not be necessary.

MR. CLAR:  Well, to the extent it is being used to impeach him, it is not appropriate because it hasn't been reviewed yet so . . .

**THE COURT:  It hasn't been used to impeach him.**

MR. CLAR:  Right.

THE COURT:  What's the point of offering the transcript?

MS. SILVER:  The transcript was referenced in our objection.  There were references to it with respect to various factual allegations made.  We thought it was necessary to have the entire transcript available to prove that we weren't taking comments out of context or --

**THE COURT:  I will admit Exhibit A, but, of course, subject to Mr. Greenblatt completing an errata sheet.  If he wants to file it with the court, that's fine.**

MS. SILVER:  Absolutely.

(Emphasis added.)

2

(*See* transcript of January 17, 2007 confirmation hearing before Judge Goldgar at pp. 59-61.)

Examples of Bankruptcy Court's impeachment of Mr. Greenblatt:

- Citing transcript of Rule 2004 examination of Mr. Greenblatt for his inability to recall when he graduated from high school, what his occupation had been since 1990, when he was registered with the Securities & Exchange Commission, whether he ever held any other form of license, whether the S.E.C. had ever investigated him, whether he signed South Beach's bankruptcy petition, who was involved in the daily operations of South Beach, how he met South Beach's only officer and director, and how long he had known him. (*See* Docket no. 130: Memorandum Opinion re: denial of confirmation at p. 3).

- Citing transcript of Rule 2004 examination of Mr. Greenblatt for his recalling the amount of the loan to NOLA as "three million two" but not recalling the amount of that loan at the confirmation hearing. (*See* Docket no. 130: Memorandum Opinion re: denial of confirmation at p. 5).

## Designation of Items for Appeal

1. Docket no. 83: Debtor's Chapter 11 plan of reorganization

2. Docket no. 89: Debtor's Chapter 11 disclosure statement

3. Docket no. 102: Report of balloting

4. Docket no. 106: United States Trustee's objection to confirmation of plan

5. Docket no. 118: Debtor's response to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

6. Docket no. 124: Debtor's surreply in opposition to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

7. Docket no. 126: Debtor's amended surreply in opposition to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

8.      Docket no. 130: Memorandum Opinion re: denial of confirmation

9.      Docket no. 131: Order denying confirmation of Chapter 11 plan

10.     Docket no. ---: Order dismissing Chapter 11 case

11.     Transcript of January 17, 2007 confirmation hearing before Judge Goldgar

12.     Transcript of January ---, 2008 hearing on motion to dismiss Chapter 11 case
before Judge Goldgar

                                                  LEON GREENBLATT, *pro se*

5

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Case No. 05 B 16679** |
| | ) | |
| **SOUTH BEACH SECURITIES, INC., a** | ) | **Hon. A. Benjamin Goldgar** |
| Mississippi corporation, | ) | |
| | ) | |
| Debtor. | ) | |

## NOTICE OF FILING

TO:   See Attached List

Please take notice that on the 23rd day of January, 2008, I caused the attached

Appellant Leon Greenblatt's Statement of Issues to be Presented and Designation of Content of

Record on Appeal to be filed with the Bankruptcy Court, a copy of which is attached hereto and

herewith served upon you.

**LEON GREENBLATT, pro se**
330 South Wells, Suite 711
Chicago, Illinois 60606
312-341-4040

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the Foregoing Notice and Statement of Issues to be Presented and Designation of Content of Record of Appeal was caused to be serviced via first class mail properly addressed and postage prepaid to all parties on the attached Service List, on this 23rd day of January, 2008.

**LEON GREENBLATT, pro se**



## **SERVICE LIST**

M. Gretchen Silver
Cameron M. Gulden
Office of the U.S. Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Jonathan T. Mann
79 W. Monroe Street
Suite 1222
Chicago, IL 60603

Louis Bernstein
Colleen E. McManus
Much Shelist Denenberg
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606